OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
Firpo is a mixed-breed dog whose unswerving sense of loyalty mandates, very unfortunately, his removal from his home by order of this court.[2] The plight of this confused canine demonstrates yet another dimension to the tragedy of domestic violence.
Petitioner and respondent in this family offense proceeding are married with minor children living at home. The petitioner wife alleges, inter alia, that the respondent is frequently under the influence of alcohol in the home and has seriously assaulted her on at least two occasions. In addition, the petitioner claims that Firpo has become so allied with the respondent as to be a source of continuing, imminent danger to her and her children.
When the petition was initially presented to the court, a temporary order of protection was issued to the petitioner and children. (Family Ct Act, § 828.) In addition, the court directed the child protective service to investigate to determine whether a proceeding should be initiated under arti *772 ele 10 of the Family Court Act. (Family Ct Act, § 1034, subd 1, par [b].)
In its report to the court, Special Services for Children recommended against filing a child protective proceeding but urged the court to order the removal of both Firpo and the respondent from the marital home. After listening to the respective parties, the court agrees that the continued presence of Firpo in the home cannot be tolerated.
It seems clear that, as a puppy, Firpo’s life was rather uneventful. However, when the respondent began to abuse alcohol a few years ago, he started to order the dog to attack his wife during the arguments that invariably ensued. Apparently, of late, the respondent has stopped issuing attack orders to the dog. Unfortunately, however, the hapless Firpo has become so attuned to the respondent’s moods that little instigation is needed to trigger his protective instincts. On the contrary, when the respondent merely argues with another member of the family, Firpo senses his upset and is prone to attack the target of his wrath. Accordingly, Firpo has attacked the petitioner on several occasions and has also bitten the children. The issue presented is whether the Family Court may properly order his removal from the home.
Section 842 of the Family Court Act provides, inter alia, that the court may issue an order of protection setting forth “reasonable conditions of behavior to be observed * * * by the petitioner or respondent”. The statute then provides eight specific directives that the order “may require such person” to follow.
The enumeration of these specific provisions should not be read as limiting the “reasonable conditions of behavior” that may be included in the order of protection. If the Legislature had intended such a result, there would have been no need to go beyond the mere listing of the eight permissible provisions. It is a general principle of statutory construction that: “In the construction of a statute, meaning and effect should be given to all its language, if possible, and words are not to be rejected as superfluous when it is practicable to give each a distinct and separate meaning.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 231.) For this reason, the court agrees with the *773 Practice Commentary to section 842 of the Family Court Act that the enumerated provisions “are merely examples of permissible conditions; they are nothing more than suggestions to the court and the parties.” (Besharov, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 842, p 193.)
Proceedings under article 8 of the Family Court Act are civil in nature and have as their purpose “attempting to stop the violence, end the family disruption and obtain protection.” (Family Ct Act, § 812, subd 2, par [b].) This stated purpose of family offense proceedings must be the measure by which the reasonableness of an order of protection is determined. This is consistent with the principle of statutory construction that: “A basic consideration in the interpretation of a statute is the general spirit and purpose underlying its enactment, and that construction is to be preferred which furthers the object, spirit and purpose of the statute.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 96.)
Furthermore, it is clear that each of the provisions specifically permissible under section 842 of the Family Court Act is designed to further one or more of the stated purposes of article 8.
In the instant case, Firpo’s sense of loyalty has been perverted by the respondent to such a degree as to make the dog an unwitting instrument for perpetrating family offenses. As such, it is quite reasonable that Firpo be required to leave the family home in order to “stop the violence, end the family disruption and obtain protection.” (Family Ct Act, § 812, subd 2, par [b].)
An order directed to the respondent to remove Firpo from the family home is not a disposition of property, a matter over which this court lacks jurisdiction. (Borkowski v Borkowski, 38 AD2d 752.) Ownership of Firpo is not an issue before the court. What is being affected by the order of protection is the parties’ right to have Firpo live in their home. (See Matter of Leffingwell v Leffingwell, 86 AD2d 929.)
Accordingly, because it is reasonable, in furtherance of the purposes of article 8 of the Family Court Act, and does not improperly affect title to property, an order of protec *774 tion directing the removal by the respondent of Firpo from the marital home may issue.
The court recognizes, of course, that the primary perpetrator of the domestic turmoil and violence in this case is the respondent. It is clear that he, too, must vacate the home in order to provide meaningful protection to his wife and children. (Family Ct Act, § 842, subd [a]; Matter of Leffingwell v Leffingwell, supra.)
Finally, the court finds that the petitioner herself has abused alcohol in the home. This fact leads the court to have a continuing and disturbing doubt as to whether the needs of the children are being properly met in their home environment. Under section 1012 (subd [f], par [i], cl [B]) of the Family Court Act, a finding of neglect may properly be made against a parent who misuses alcoholic beverages to the extent that he or she loses self-control of his or her actions. Accordingly, a final order of protection will issue to the children directing the petitioner not to consume alcoholic beverages in the home and not to be in the presence of the children if under the influence of alcohol. The behavior proscribed by the order is necessarily offensive to the children since the petitioner’s inclination to misuse alcohol places them in danger of being neglected. (Family Ct Act, § 842, subd [c]; § 1012, subd [f], par [i], cl [B].)
Because of serious concern over the welfare of the children, the child protective service is directed to monitor the home and report to this court on the adjourned date as to whether further intervention by the court is necessary. (Family Ct Act, § 1034, subd 1, par [b].)

. In order to further enhance the confidentiality of the parties, the name of the dog is fictitious for purposes of publication.