OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
The proper psychological and emotional development of a 14-year-old boy requires that he be afforded a reasonable measure of privacy within the family structure. Thus, where such a child is forced to sleep in the same room as his mother and three sisters, a person in need of supervision proceeding (PINS) brought against him by his mother will be dismissed and a neglect petition against his mother substituted.
The petitioner in the instant PINS proceeding is the mother of 14-year-old Tad M. She alleges, inter alia, that the boy refuses to obey her reasonable commands, is disruptive in the home, and is abusive to her and his siblings.
Prior to the fact-finding hearing, the court learned from Special Services for Children that Tad was required to sleep in the same room as his mother and his three sisters, ages 15, 9 and 7. The court was further informed that *1072 Tad has also been forced to live in a home with no heat or running water.
Based on the foregoing, there is a reasonable basis to believe that the boy is a neglected child in that his physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as result of his mother’s failure to exercise a minimum degree of care in supplying him with adequate shelter and in providing him with proper guardianship. (Family Ct Act, § 1012, subd [f], par [i], els [A], [B].)
Section 716 of the Family Court Act provides that “[o]n its own motion and at any time in the proceedings, the court may substitute a neglect petition under article ten for a petition to determine whether a person is in need of supervision.” Where a parent initiates a PINS proceeding and sufficient evidence of parental neglect is adduced after a full fact-finding hearing, the court may adjudicate the child to be neglected without a de novo hearing under article 10 of the Family Court Act. (Matter of Leif Z., 105 Misc 2d 973.)
In the instant case, evidence of parental neglect was adduced before any fact finding on the PINS petition. The issue to be resolved is the status of the PINS petition when a neglect petition is substituted before fact finding.
In drafting section 716 of the Family Court Act, the Legislature expressly utilized the device of substitution to define the mechanics of presenting the new neglect petition. To “substitute” means to put one thing in place of another. If the PINS petition were to remain viable while the neglect petition was presented, there would be no true substitution as that word is generally understood.
Substitution of petitions under the Family Court Act is unique to PINS proceedings. Where a proceeding is pending under any of the other articles of the Family Court Act and the court feels that a neglect proceeding may be appropriate, it may utilize the provisions of sections 1034 (subd 1, par [b]) and 1032 of the Family Court Act to order either a child protective investigation or the filing of a petition. Nothing in these two sections precludes the dual existence of a newly created child protective proceeding *1073 and the underlying proceeding which gave rise to the inference of neglect.
While there is no specific prohibition to utilizing sections 1034 (subd 1, par [b]) and 1032 of the Family Court Act when evidence of neglect appears in a PINS proceeding, such would be contrary to the intent of the Legislature. By specifically authorizing substitution of petitions in article 7, it must be presumed that the Legislature intended that procedure to be the one of choice where a PINS petition is before the court.
Moreover, the concept of substitution is particularly suitable to issues of juvenile misbehavior because of the reality that children in trouble often come from families in trouble. The perimeters of PINS behavior and parental neglect often overlap. Where an allegation of the former reveals the predominant existence of the latter, substitution makes not only good sense but good law. It provides a swift machinery to address the needs of an apparently neglected child.
For these reasons, the underlying PINS petition against Tad M. must be dismissed without prejudice. If, after a fact-finding hearing, the court dismisses the neglect petition, Tad’s mother may reinitiate the PINS proceeding. No issue of double jeopardy is raised since the hearing of the prior PINS petitions has not begun. (See Breed v Jones, 421 US 519.)
For all of these reasons, the PINS petition against Tad must be dismissed and a neglect substituted.