OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
In a proceeding pursuant to article 7 of the Family Court Act, an order of protection may properly be issued on behalf of a juvenile respondent against a natural parent even where the latter is not a party to the proceeding. And where, as here, the natural parent flagrantly violates the order so issued, he will be committed to jail for the statutory maximum period of six months.
By verified petition, the mother of 15-year-old Brett M. seeks an adjudication that her son is a Person in Need of Supervision (PINS). When the child first appeared in court with his mother, the court learned from the mother that her true intention in filing the PINS petition was to obtain protection for Brett. Specifically, the petitioner stated that her husband was regularly intoxicated in the home and was consistently abusive to Brett. She indicated that, most recently, he had attacked the boy with a baseball bat.
Based on the foregoing information, the court issued a forthwith warrant for the arrest of Brett’s father. Authority for this action can be found in section 738 of the Family Court Act which provides for the issuance of a warrant “directing that the * * * person * * * with whom [the respondent] is domiciled be brought before the court”.
*1007 With the assistance of the police department, the warrant was executed expeditiously and Brett’s father was brought before the court. The court thereupon issued a temporary order of protection to Brett directing his father not to strike, menace, harass or recklessly endanger the boy. In addition, the father was ordered to vacate the home immediately and remain away at all times pending further proceedings. The court specifically rejects the widely held belief that it is the “parents’ home” and that the child lives there at their sufferance. Where a parent deliberately conducts himself in a manner injurious or potentially injurious to his child, it should be the parent and not the child who must leave the home. Authority for the removal of the father from the home is contained in subdivision (a) of section 759 of the Family Court Act. (See, also, Matter of Jane Y. v Joseph Y., 123 Misc 2d 771.) The court also ordered the child protective service to conduct an immediate investigation to determine whether a child protective proceeding should be initiated. (Family Ct Act, § 1034.)
In issuing the order of protection against a nonparty parent, the court relied upon the language of sections 740 and 759 of the Family Court Act. Under section 759 of the Family Court Act, an order of protection “may set forth reasonable conditions of behavior to be observed for a specified time by a person who is before the court and is a parent”(emphasis added).
It should be noted that in their 1976 commentary to this section, Gottfried and Barsky seem to have assumed that the “person” who is “before the court” within the meaning of the statute would be the parent who filed the petition. And in his practice commentary, Douglas J. Besharov refers to the phrase “before the court” as being “unnecessarily ambiguous”. (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Part 1, § 759, p 107.)
Nevertheless, several factors lead the court to hold that the Legislature intended to include nonpetitioner parents within the ambit of the statute. Initially, it should be observed that the word “respondent” is used in the introductory paragraph to section 759. Thus, if the Legislature wished to limit the court’s authority in issuing orders of *1008 protection to parents who brought the proceeding, it would have simply used the word “petitioner” rather than the phrase “before the court”.
Furthermore, it must be assumed that the Legislature intended for the court to have jurisdiction over a parent or other person with whom the child is domiciled, regardless of whether that person is the petitioner. If this were not the case there would be no reason to authorize the issuance of a warrant to bring such person “before the court” as is specifically done in section 738 of the Family Court Act.
Under article 8 of the Family Court Act, an order of protection may set forth “reasonable conditions of behavior to be observed * * * by the petitioner or respondent or both, or, if before the court, any other member of the family or household.” (Family Ct Act, § 842; emphasis added.) By the language it is clear that the Legislature approved the concept of issuing orders of protection against others than parties so long as they are “before the court” and members of the family or household. The rationale is quite simple. In order to promote tranquility in the home, the court may need to proscribe certain behavior that is occurring there. And if that behavior emanates from a nonparty, it is essential to the purposes of the statute that jurisdiction be exercised over that person.
Finally, section 711 of the Family Court Act requires the court to devise “an appropriate order of disposition” for an adjudicated PINS. To be truly appropriate, the court’s jurisdiction must extend beyond the respondent child to include those parents whose presence, behavior, or conduct materially affect the well-being of the child. A review of some of the enumerated provisions that an order of protection may contain will serve to illustrate the point. Thus, for example, an order of protection may require a person “to refrain from acts of commission or omission that tend to make the home not a proper place for the child” (Family Ct Act, § 759, subd [e]). Obviously, the Legislature was intent upon providing a safe, nurturing environment for the child. To this end, the court must be able to exercise jurisdiction over both parents who reside there. If this were not the case, an offending nonpetitioner parent could remain at home beyond the court’s power while, at the same *1009 time, frustrating judicial efforts to devise “an appropriate order of disposition” as mandated by the statute. Similar analysis can be drawn from subdivisions (a), (c) and (d) of section 759 of the Family Court Act.
The court is aware, of course, that the exercise of jurisdiction over a nonparty parent must conform to the requirements of due process. While there is no specific procedure set forth in the Family Court Act to cover this issue, there is legislative recognition at the threshold that the nonpetitioner parent be “before the court” when a final order of protection is issued pursuant to section 759 of the Family Court Act. Under the facts of this case, the court need not decide what procedural due process is required before a final order of protection is issued against a nonpetitioner parent.[2] Here, a temporary order of protection was signed, an order which “is not a finding of wrongdoing” and may even be issued “ex parte”. (Family Ct Act, § 740.) And when the temporary order of protection was issued herein, Brett’s father was before the court and “good cause” was shown. He was told expressly what the order was, and what the consequences to him would be if he failed to comply with it.
Subsequently, a petition was filed alleging that the respondent’s father had violated the temporary order of protection by returning to the family home, entering Brett’s bedroom, and threatening the boy, stating that he was the cause of his being ordered out of the house. Thereupon the court issued a warrant for the arrest of Brett’s father. In addition, the court ordered Special Services for Children to file a neglect petition against him. (Family Ct Act, § 1032.)
When the warrant was executed, Brett’s father was once again brought before the court.[3] After careful allocution and with full knowledge of his rights and the consequences of an admission, he admitted to having violated the order of protection.
*1010 Section 780 of the Family Court Act provides that a person who has willfully violated an order of protection may be committed to jail for a period not to exceed six months. On the record adduced in this case, it is clear beyond all doubt that Brett’s father has wreaked havoc on his wife and two sons. Brett is an extremely fragile child who has been subjected to a systematic hell in his home. His father has badgered, beaten, and bullied the child to such an extent and with such intensity as to seriously jeopardize his physical, mental and emotional condition. In issuing the order of protection, the court utilized its statutory authority in an attempt to help Brett. However, his father was apparently determined to continue his reign of terror on the boy. And so, in blatant violation of the court’s order, the father returned to the home, and threatened his son. He also attempted to place the blame on Brett for the action taken by the court.
Issuance of an order of protection is one of the most important powers exercised by a Family Court Judge. Because they are so critical to the essence of the court’s functions, they must be obeyed. The Legislature recognized precisely that, by authorizing the imposition of a jail term of up to six months, in instances where there has been a willful violation.
The court acknowledges that depriving a person of his freedom is an extremely serious action, and should not be undertaken lightly. However, if there ever was a case that cried out for the imposition of the maximum jail term, this is it. To sentence this man to even one day less than the six-month maximum would be stating, in effect, that the maximum term should never be imposed. That statement the court is not willing to make. Accordingly, Brett’s father is committed to jail for six months for his willful violation of this court’s order of protection.
Finally, the PINS petition filed against Brett is dismissed. (Matter of Tad M., 123 Misc 2d 1071.) This youngster is not a Person in Need of Supervision but rather a boy in need of love. With his father out of the house, maybe Brett can begin to have the semblance of a normal life.[4]

. Presumably, the person against whom the court sought to issue the order would be entitled to notice of the application; to an attorney; and to a hearing at which the need for the order would have to be established by a fair preponderance of the evidence. This would parallel the procedure utilized under article 8 of the Family Court Act.

. He was personally served with a petition alleging a violation of the order of protection. In addition, his right to counsel and to a hearing were explained to him.

. Brett has since been adjudicated to be a neglected child. The dispositional'hearing on that case will afford the court the opportunity to address Brett’s needs further.