■ ANDREA P. NACSON, Respondent, v MARC NACSON, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated December 15, 1982, the defendant appeals from an order of the Supreme Court, Kings County (Imperato, J.H.O.), entered February 21, 1989, which, *inter alia,* denied him visitation with the parties' child and recommended that he undergo therapy before reapplying to the court for visitation rights.

Ordered that the order is modified by deleting the third and fourth decretal paragraphs thereof; as so modified, the order is affirmed, without costs or disbursements.

A noncustodial parent may not be deprived of his or her rights to meaningful visitation unless there is substantial evidence that such visitation would be detrimental to the child's welfare *(see, Valenza v Valenza,* 143 AD2d 860; *Bubbins v Bubbins,* 136 AD2d 672; *Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938). The record, which includes the transcript of an in-camera interview with the child and the report of a court-appointed psychiatrist, indicates that the hearing court's determination to suspend the father's visitation rights has a sound and substantial basis and should not be disturbed *(see, Eschbach v Eschbach,* 56 NY2d 167; *Alfano v Alfano,* 151 AD2d 530; *Matter of Robert T. F. v Rosemary F.,* 148 AD2d 449).

During their protracted dispute over custody and visitation rights, both parties have engaged in self-help measures which cannot be condoned. After being awarded custody in the divorce judgment, the mother fled New York with the child in 1983, allegedly to escape the father's threats towards her and the child. The father thereafter obtained a custody order in New York and abducted the child upon locating her in Flordia in 1986. Although the interference by both parties with the access of the other to the child is one factor to be considered, the paramount concern is the best interest of the child *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89).

The evidence adduced at the hearing established that the visitation which resumed with the father in 1986 caused the child anxiety and dramatic weight loss. The court-appointed psychiatrist expressed pessimism with respect to the chances of establishing a relationship between the child, then 11 years old, and her father, and recommended against forced visitation. In addition, the court conducted an in-camera interview

with the child during which it questioned the child about her wishes with respect to visitation with her father. The court noted that it had reviewed records from prior proceedings concerning allegations of sexual abuse of the child by the father. The court concluded that the incident in which the child was abducted from Florida had created a lasting traumatic effect upon her and that the child's anxiety was justifiably based on the father's previous and continuing conduct towards her. We find that there is substantial evidence to support the court's conclusion that visitation between the child and father should not be forced and that only telephone contact should be permitted.

Contrary to the father's contention, the court's failure to appoint a guardian ad litem does not require a new hearing. While the appointment of a guardian ad litem is helpful in disputed custody and visitation cases, here the testimony of the parties and of the court-appointed psychiatrist, as well as the in-camera interview with the child, provided sufficient evidence to support the court's determination (see, *Pincus v Pincus,* 138 AD2d 687; *cf., Koppenhoefer v Koppenhoefer,* 158 AD2d 113).

The court, in its order, recommended weekly therapy sessions for the father "following which he may reapply to the court for visitation with his daughter. At that time the net results of the therapy can be established and evaluated by the court". The father correctly asserts that the court may not compel him to undergo therapy as a precondition for a reapplication for visitation rights (see, *Schneider v Schneider,* 127 AD2d 491, *affd* 70 NY2d 739; *Matter of Paris v Paris,* 95 AD2d 857). We modify the order accordingly.

We find that the father's remaining contentions are without merit. Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.