■ ERIKA LANDAU, Appellant, v STEVEN LANDAU, Respondent. [625 NYS2d 239] —In an action for a divorce and ancillary relief, the plaintiff mother appeals, (1) as limited by her notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated August 13, 1992, which, after a trial, *inter alia,* granted custody of the parties' child to the defendant father and directed the plaintiff to pay child support, and (2) as limited by her brief, from so much of an order of the same court, dated September 21, 1992, as, upon the defendant's motion, modified the judgment by suspending her visitation with the child.

Ordered that the judgment and order are affirmed insofar as appealed from, with one bill of costs.

Upon our review of the record, we find no reason to disturb the Supreme Court's award of sole custody of the child to the father *(see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89). After performing comprehensive

evaluations of the parties, a court-appointed psychiatrist and a court-appointed psychologist both concluded that the father was the more appropriate custodial parent. The mother was found to suffer from, among other things, severe depression, persecutorial delusions, extreme emotional lability (openess to change), exceedingly poor judgment, and distortion of reality, all of which impaired her parenting skills. Her unfounded allegations that the father had sexually abused the child and physically abused her are further evidence of her unfitness to act as the custodial parent *(see, Nir v Nir,* 172 AD2d 651).

Contrary to the mother's contention, the court did not err in requiring her to undergo psychotherapy as a condition to any expanded or overnight visitation. She was awarded unconditional daytime visitation and the evidence before the court demonstrates that, absent therapeutic intervention, further visitation would not be in the child's best interests *(see, Ramshaw v Ramshaw,* 186 AD2d 243; *Matter of Hughes v Wiegman,* 150 AD2d 449; *cf., Matter of Tito G. v Thelma G.,* 187 AD2d 651; *Nacson v Nacson,* 166 AD2d 510). Moreover, the court did not err in temporarily suspending all visitation until the mother removed herself from a neighbor's home across the street from the marital residence.

We do not find any error in the provision of the judgment which ordered the mother to pay her pro rata share of the child's medical, dental, pharmaceutical, psychiatric and/or psychological, child care, and school tuition expenses *(see,* Domestic Relations Law § 240 [1-b] [c] [5]; *Matter of Cassano v Cassano,* 203 AD2d 563).

The mother's remaining contentions are without merit. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.