■ In the Matter of DONNA MONGIARDO, Appellant, v NICHO-LAS MONGIARDO, Respondent. [649 NYS2d 45] —Peters, J. Appeals (1) from two orders of the Family Court of Albany County (Duggan, J.), entered October 4, 1994, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of visitation, and (2) from an order of said court, entered October 4, 1994, which issued an order of protection.

By judgment of divorce entered December 30, 1985, the par-

ties shared joint custody of their two children with respondent having physical custody and petitioner having visitation. In 1989, Family Court provided that petitioner could not operate a motor vehicle with the children during visitation and that all such visitation must occur in a public place. Petitioner, alleging a change of circumstances, commenced this proceeding in November 1992 seeking to modify such order.

At the hearing, petitioner testified to her history of alcohol abuse and mental instability. She also offered, *inter alia*, the testimony of her treating psychiatrist who opined that she was capable of exercising unsupervised visitation and that although she appeared to be alcohol free, she remained at risk for relapse. On cross-examination, however, it was revealed that this psychiatrist was not fully aware of petitioner's history of alcohol abuse as well as numerous significant incidents which had occurred during visitation. Testimony revealed, *inter alia*, several instances where petitioner could not recall being admitted to the hospital due to alcoholic seizures and that she had attempted suicide on two occasions.

Family Court conducted an in camera interview with the children and solicited the Law Guardian's recommendations. Thereafter, Family Court entered an order expanding visitation, premised upon petitioner's participation in, and successful completion of, separate counseling and alcohol rehabilitation programs. It further entered an order of protection which contained similar, but not identical, conditions. Petitioner now appeals upon several grounds, the first of which is premised upon petitioner's belief that Family Court abused its discretion when it required the completion of counseling and alcohol rehabilitation programs as a condition precedent to visitation.

Family Court issued two separate documents, a "Decision and Order" and an "Order", both dated and entered October 4, 1994, which detailed, *inter alia*, a complex visitation schedule for all time up until and including April 1, 1995. In the "Decision and Order", it further provided as follows:

"ORDERED that as a condition for the right to exercise all visitation periods [petitioner] shall participate in, until successfull [*sic*] completion, an alcohol rehabilitation program * * * [and] shall execute a release authorizing the treatment facility to make periodic reports to the Law Guardian for the purpose of monitoring [petitioner's] treatment.

"ORDERED that as a condition precedent to the exercise of all visitation periods [petitioner] shall participate in until successfull [*sic*] completion a counseling program * * * [and] shall execute a release authorizing the psychotherapist to make

periodic reports to the Law Guardian for purposes of monitoring this treatment."

Such "Decision and Order" recalendared the matter for April 3, 1995 for further review and the "issuance of a final order covering future visitation".

Notwithstanding the designation of the prior document as a "Decision and Order", Family Court issued a separate document, also denominated as an "Order", which therein referred to the prior document as the "Findings of Fact". In this "Order", the court altered the aforementioned provisions by omitting the term "condition precedent" and instead provided as follows: "that as a *condition for* the right to exercise *any visitation period* [petitioner] *shall be then fully participating in, until successful completion * * ** [individual counseling and] alcohol rehabilitation program[s]" (emphasis supplied). Moreover, when ordering the recalendar of the case for April 3, 1995, the court stated that such purpose was for the issuance of a *"modified final* order" (emphasis supplied). With these discrepancies noted and with what appears to be Family Court's issuance of an amended order by separate document without proper designation, we now review petitioner's contention that such order precluded any visitation before the completion of both counseling and rehabilitation programs.

It is well settled that Family Court does not have the authority to order a party to undergo counseling or therapy before visitation will be allowed (*see, Matter of Dennison v Short*, 229 AD2d 676; *Matter of Jones v Jones*, 190 AD2d 1076; *Nacson v Nacson*, 166 AD2d 510; *Matter of Paris v Paris*, 95 AD2d 857). However, the court does have the authority to "include a directive to obtain treatment as a component of a custody or visitation order" (*Matter of Sweet v Passno*, 206 AD2d 639, 640; *see, Matter of Jones v Jones, supra*). Viewing the order in its entirety, we find that in light of the language ultimately used, with the specification of a detailed visitation schedule from the date of its issuance until a scheduled review, coupled with the periodic monitoring of progress by the Law Guardian, Family Court fully intended petitioner to be simultaneously participating in both counseling and alcohol rehabilitation programs for visitation to continue. Such language, in our view, represents a permissible directive to petitioner to remain in these programs as a component of her visitation privileges. Moreover, contrary to petitioner's characterization, we do not find such provisions to be open-ended.

Similarly unavailing is petitioner's contention that the treatment requirements are against the weight of the evidence. The

record here is replete with evidence of petitioner's ongoing struggle with alcoholism. It further details numerous instances of impaired judgment affecting her parenting skills and subjecting her children to physical and emotional harm. Upon this record, we find the treatment requirements fully supported by the record with the monitoring by the Law Guardian critical to ensure the best interests of these children (*see, Matter of Effner v Scott*, 194 AD2d 890; *Matter of Uncle v Uncle*, 154 AD2d 743; *Corsell v Corsell*, 101 AD2d 766).

As to Family Court's authority to issue an order of protection pursuant to Family Court Act article 6 in the absence of a request by respondent, we find no error. Pursuant to Family Court Act § 656 (f), the court may require a party, if reasonable, "to participate in an educational program", especially if participation therein would "likely * * * be helpful in eradicating the root of family disturbance" (*Matter of Leffingwell v Leffingwell*, 86 AD2d 929, 930). Here, we find that the ordering of participation in both counseling and alcohol rehabilitation programs constitutes an appropriate response to the immediate health and safety concerns presented.

Finding petitioner's remaining contentions to be without merit, we hereby modify the "Order" of Family Court entered October 4, 1994 by designating it as an "Amended Order", and, as so modified, affirm.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the orders are modified, on the law and the facts, without costs, by designating the "Order" of Family Court entered October 4, 1994 to be an "Amended Order", and, as so modified, affirmed.