■ In the Matter of WILFREDO DeJESUS, Appellant, v LIZ TINOCO, Respondent. [699 NYS2d 905] —In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Segal, J.), dated May 6, 1998, which, after a hearing, *inter alia,* denied his application for visitation.

Ordered that the order is modified, on the law, by deleting the provision thereof which directed that a re-application for visitation rights must be accompanied by proof of participation in additional psychiatric therapy; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the father's contentions, the acts of domestic violence perpetrated against the mother demonstrated that he possessed a character which is ill-suited to the difficult task of providing moral and intellectual guidance to the infant child (*see, Matter of Irwin v Schmidt,* 236 AD2d 401, 402; *Matter of Rohan v Rohan,* 213 AD2d 804, 806). Accordingly, based upon the evidence of the father's physical and verbal abuse of the mother, the Family Court's denial of the petition for visitation, with leave to renew, had a sound basis and therefore should not be disturbed (*see, Matter of Chiofalo v Bertolino,* 233 AD2d 440).

However, since a court may not compel a party to undergo therapy as a precondition for a re-application for visitation rights (*see, Matter of Cooper v Wolkowitz,* 215 AD2d 380; *Jones v Jones,* 185 AD2d 228, 230; *Nacson v Nacson,* 166 AD2d 510), the order must be modified accordingly (*see, Nacson v Nacson, supra,* at 511). Sullivan, J. P., Joy, Krausman and Luciano, JJ., concur.