■ In the Matter of JENNIFER WRIGHT, Respondent, v MARK LAROSE, Appellant. [706 NYS2d 148] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from so much of an order of the Family Court, Westchester County (Cooney, J.), entered July 7, 1997, as, after a hearing, granted the mother's petition alleging that he violated a consent order of custody and visitation of the same court, entered March 28, 1996, and, upon granting his petition alleg-

ing that the mother violated the same order, denied his request to modify that order by granting him additional visitation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The father contends that, upon sustaining his petition alleging that the mother had violated the consent order of custody and visitation, the Family Court improvidently exercised its discretion in denying his request for make-up visitation. We disagree. The Family Court has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount concern being the best interests of the child (*see, Eschbach v Eschbach,* 56 NY2d 167). In addition to testimony from the parties and police officers establishing violations by both parties, the evidence included a recommendation from a court-appointed psychologist that the father have no visitation, and an in camera interview with the child. Under the circumstances of this case, the court's determination not to direct additional visitation was in the child's best interests.

Contrary to the father's further contention, the Family Court's determination that he willfully violated the consent order of custody and visitation had a sound and substantial basis in the record (*see, Eschbach v Eschbach, supra; Koppenhoefer v Koppenhoefer,* 159 AD2d 113). The hearing evidence established that, on several occasions, he arrived for visitation and/or returned the child to the mother's home well after the hours specified in the visitation order. Bracken, J. P., O'Brien, Sullivan and Luciano, JJ., concur.