■ JEMILIYA PUDALOV, Respondent-Appellant, v SCOTT PUDALOV, Appellant-Respondent. [764 NYS2d 831] —In a matrimonial action in which the parties were divorced by judgment dated July 27, 2000, the father appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Shapiro, J.), entered July 22, 2002, as, without a hearing, granted that branch of the mother's cross motion which was for sole custody of the parties' children, and, sua sponte, suspended his visitation rights and conditioned any future application for visitation by him upon his participation in therapy, and which granted that branch of the mother's cross motion which was to direct him to convey his interest in the marital residence to her based upon a value of $2,150,000, and (2) so much of an order of the same court entered November 4, 2002, as denied that branch of his motion which was to direct the sale of the marital residence at its current market value to a disclosed third-party principal through a new, court-appointed listing broker, and to direct the mother to fully cooperate in the sale; and the mother cross-appeals from so much of the order entered July 22, 2002, as denied

that branch of her cross motion which was for an award of the attorney's fee.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from that portion of the order entered July 22, 2002 as, sua sponte, suspended the father's visitation and conditioned any future application for visitation by him upon his participation in therapy is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the orders are reversed insofar as appealed from, on the law, those branches of the mother's cross motion which were for sole custody of the parties' children, and to direct the father to convey his interest in the marital residence to her based upon a value of the marital residence of $2,150,000 are denied, that branch of the father's motion which was to direct the sale of the marital residence at its current market value to a disclosed third-party principal through a new, court-appointed listing broker, and to direct the mother to fully cooperate in the sale is granted; and the matter is remitted to the Supreme Court, Westchester County, for a hearing on the issues of custody and visitation based upon an updated forensic evaluation, and the Supreme Court shall appoint a real estate appraiser and conduct a hearing regarding the current value of the marital residence, which shall then be listed by a court-appointed broker at that value for sale to a disclosed third-party principal; and it is further,

Ordered that pending the hearing on the issues of custody and visitation, the terms of the parties' February 2, 2000, custody agreement, as incorporated into their judgment of divorce, are reinstated; and it is further,

Ordered that the order entered November 4, 2002, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the one bill of costs is awarded to the father.

We agree with the appellant-respondent father that, as a practical matter, the Supreme Court terminated his parental rights without a hearing, despite the parties' conflicting allegations regarding the best interests of the children. Under the circumstances, the Supreme Court erred in granting the respondent-appellant mother sole custody of the children and in suspending the father's visitation rights without conducting an evidentiary hearing (see Corigliano v Corigliano, 297 AD2d 328 [2002]; Metzger v Metzger, 240 AD2d 642 [1997]).

The Supreme Court also erred in requiring the father to par-

ticipate in therapy as a condition of any future application for visitation (*see Matter of DeJesus v Tinoco,* 267 AD2d 308 [1999]).

In addition, the Supreme Court's order directing a conveyance of the father's interest in the marital residence based upon a value of $2,150,000 is contrary to the parties' intent, as expressed in their stipulation settling the matrimonial action, that the marital residence be sold to a third party for a maximum profit (*see Sklerov v Sklerov,* 231 AD2d 622 [1996]). The father proffered evidence that the marital residence could be listed for substantially more than $2,150,000.

Finally, the Supreme Court providently exercised its discretion in declining to award the mother an attorney's fee, given her failure to articulate a basis for her request, and to support the demand with adequate documentation (*see Darvas v Darvas,* 242 AD2d 554 [1997]). Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.