[redacted] In the Matter of YVONNE REMILLARD, Respondent, v MARCELLUS W. LUCK et al., Respondents. COUNTY OF SARATOGA, Appellant. [768 NYS2d 714]—

---

[redacted]

Spain, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered December 9, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for temporary custody of respondents' child.

In this Family Ct Act article 6 custody dispute among a mother, father and maternal grandmother, Saratoga County—not a party to the proceeding—appeals from an order of Family Court directing it to pay the costs for the mother's court-ordered, 28-day inpatient substance abuse treatment. Petitioner, the maternal grandmother, commenced this proceeding against respondents, the child's parents, requesting joint legal custody of the child with respondent Tammie L. Potkovic, the mother; the mother filed a separate custody petition against respondent Marcellus W. Luck, the father. While these petitions were pending, Family Court ordered both parents to submit to an alcohol abuse evaluation (*see* Family Ct Act § 251) and eventually granted them joint legal custody of the child with primary physical custody to the mother, but ordered that the child reside

with petitioner. After reviewing evidence of serious substance abuse by the mother, Family Court restored the case to the calendar, granted petitioner temporary guardianship and custody of the child, and ordered the mother to participate in a 28-day substance abuse inpatient treatment program. In December 2002, Family Court issued a revised temporary order directing the County to pay for the cost of the mother's inpatient substance abuse treatment not covered by health insurance.[1] In January 2003, the mother received inpatient substance abuse treatment at a local facility and, thereafter, the facility sent the County a voucher requesting payment in the amount of $12,735. The County now appeals, asserting that it was not aware of the foregoing proceedings until it received the bill from the facility.

The County initially contends that the Family Ct Act does not authorize Family Court to order such treatment. It is settled law, however, that Family Court has the authority to include, as part of its custody or visitation order, a directive requiring a party to obtain treatment (*see* Family Ct Act § 656 [f]; *Gadomski v Gadomski,* 256 AD2d 675, 677 [1998]; *Matter of Mongiardo v Mongiardo,* 232 AD2d 741, 743 [1996]; *Matter of Sweet v Passno,* 206 AD2d 639, 640 [1994]), including substance abuse rehabilitation (*see Matter of Mongiardo v Mongiardo, supra* at 744). Contrary to the County's assertion, the court did not improperly make the ordered treatment a prerequisite to the mother's access to the child (*see id.* at 743; *cf. Matter of Alex LL. v Albany County Dept. of Social Servs.,* 270 AD2d 523, 527 [2000]).

While Family Court has broad powers to direct municipalities, public agencies and officials to render assistance in providing services to children and families (*see* Family Ct Act § 255; *Matter of Nicole JJ.,* 265 AD2d 29, 32 [2000], *lv denied* 95 NY2d 757 [2000]), we find merit in the County's argument that Family Court's payment order cannot be sustained because it was made against a nonparty (*see* CPLR 1001, 1003; *Matter of Jillana C.,* 309 AD2d 1170, 1171 [2003]; *Hartloff v Hartloff,* 296 AD2d 849, 849-850 [2002]; *Matter of Support Collection Unit of Rensselaer County Dept. of Social Servs.,* 98 AD2d 904, 905 [1983]). The County should have been put on notice and permitted to intervene or otherwise been made a party to the proceeding— and afforded an opportunity to be heard—before such a payment order was made.[2] Accordingly, that part of the order directing the County to pay for the mother's substance abuse treatment should be vacated and the matter remitted to Family

---

1. It appears that the mother had no private health insurance coverage.

2. The County can be made a party by its own motion to intervene (*see* CPLR 1012 [a] [2]), by formal motion of an existing party or upon a stipula-

Court to give the County an opportunity to challenge the appropriateness of such an order in this proceeding.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed Saratoga County to pay the cost of respondent Tammie L. Potkovic's court-ordered inpatient treatment; matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

tion by all parties (see CPLR 1003; *New Medico Assoc. v Empire Blue Cross & Blue Shield*, 267 AD2d 757, 758-759 [1999]).