■ In the Matter of JACQUELINE WILLIAMS et al., Respondents, v ANNE O'TOOLE, Appellant. [771 NYS2d 546]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Foskey, J.), dated March 24, 2003, which upon, in effect, denying her petitions alleging, inter alia, violation of a consent order of custody and visitation of the same court dated August 30, 2001, suspended all visitation between her and the children, and barred her from refiling any custody and visitation petitions without a prior showing that she is compliant with therapy and the use of antipsychotic medication.

Ordered that the order is modified, on the law, by deleting the provision thereof barring the mother from refiling any custody and visitation petitions without a prior showing that she is compliant with therapy and the use of antipsychotic medication; as so modified, the order is affirmed, without costs or disbursements.

Under the circumstances of this case, the Family Court properly suspended the mother's visitation rights without conducting an evidentiary hearing. The Family Court possessed sufficient information, including the report of a neutral forensic psychiatrist, to render an informed visitation determination consistent with the best interests of the children (*see Matter of Smith v Molody-Smith,* 307 AD2d 364 [2003]; *Matter of Porter v Burgey,* 266 AD2d 552 [1999]; *Matter of Vangas v Ladas,* 259 AD2d 755 [1999]; *Matter of Hermann v Chakurmanian,* 243 AD2d 1003 [1997]). Furthermore, in light of the evidence concerning the severity of the mother's mental illness, and the recommendation of the neutral psychiatrist who evaluated her, the Family Court's determination to suspend visitation is in the best interests of the children (*see Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]; *Matter of Wright v LaRose,* 271 AD2d 615 [2000]; *Nacson v Nacson,* 166 AD2d 510 [1990]; *Matter of Jones v Jones,* 155 AD2d 542 [1989]).

However, we agree with the mother's contention that it was improper for the Family Court to bar her from filing any future applications for custody and visitation "without a prior showing that she is compliant with therapy and the use of anti-psychotic medication." Although the court may, in appropriate circumstances, require a party to obtain counseling and treatment as a component of a custody or visitation order (*see Matter of Remillard v Luck,* 2 AD3d 1179 [2003]; *Matter of Mongiardo v Mongiardo,* 232 AD2d 741 [1996]; *Matter of Irwin v Schmidt,* 236 AD2d 401 [1997]; *Landau v Landau,* 214 AD2d 541 [1995]), it has no authority to compel a parent to undergo therapy as a condition to any future application for custody or visitation (*see Pudalov v Pudalov,* 308 AD2d 524 [2003]; *Matter of DeJesus v Tinoco,* 267 AD2d 308 [1999]; *Matter of Tucker v Tucker,* 249 AD2d 643 [1998]; *Nacson v Nacson, supra*). Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.