■ In the Matter of EDWARD GRASSI, Respondent, v JANICE GRASSI, Appellant. (Proceeding No. 1.) In the Matter of JANICE GRASSI, Appellant, v EDWARD GRASSI, Respondent. (Proceeding No. 2.) [812 NYS2d 638]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Nassau County (Eisman, J.), dated September 14, 2004, which, inter alia, without a hearing, granted sole custody of the parties' daughter to the father, denied her visitation with the daughter and, in effect, conditioned her further petition for supervised visitation upon her ability to demonstrate, among other things, that she maintained sobriety, regularly attended therapy sessions, and underwent a complete psychiatric in-depth extensive evaluation.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, conditioning the mother's further petition for supervised visitation with the daughter upon her ability to demonstrate, among other things, that she maintained sobriety, regularly attended therapy sessions, and underwent a complete psychiatric in-depth extensive evaluation; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A parent seeking a change in custody is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant a hearing (*see Matter of Madden v Cavanaugh*, 307 AD2d 266 [2003]; *Matter of Johnson v Semple*, 273 AD2d 311 [2000]). Here, the mother failed to make such a

showing. In any event, the Family Court possessed sufficient information to render an informed determination on custody and visitation, without a hearing, consistent with the best interests of the child (*see Matter of Williams v O'Toole*, 4 AD3d 371 [2004]; *Matter of Smith v Molody-Smith*, 307 AD2d 364 [2003]). The court presided over the parties' extensive court appearances, spanning approximately two years, and was intimately familiar with their situation, including the mother's repeated denial of her alcohol problem and the daughter's physical manifestations of her discomfort and anxiety on visitation days. The court conducted an in camera interview with the daughter and relied upon the reports of the Law Guardian and the Department of Probation. Accordingly, the court providently exercised its discretion in discontinuing the mother's supervised visitation with the daughter and declining to conduct a hearing on the issues of custody and visitation.

However, we agree with the mother's contention that it was improper for the Family Court to bar her from petitioning for visitation without first demonstrating "that she has maintained sobriety for a significant period of time; maintained regular therapy sessions; undergone a complete psychiatric in-depth extensive evaluation; and, if prescribed medication, she has complied and taken medication as directed" (*see Matter of Williams v O'Toole, supra*). Although the court may, in appropriate circumstances, require a party to obtain counseling and treatment as a component of a custody or visitation order (*see Matter of Irwin v Schmidt*, 236 AD2d 401 [1997]; *Landau v Landau*, 214 AD2d 541 [1995]; *Matter of Remillard v Luck*, 2 AD3d 1179 [2003]; *Matter of Mongiardo v Mongiardo*, 232 AD2d 741 [1996]), it has no authority to compel a parent to undergo therapy as a condition to a future application for custody or visitation (*see Pudalov v Pudalov*, 308 AD2d 524 [2003]; *Matter of DeJesus v Tinoco*, 267 AD2d 308 [1999]).

The mother's remaining contention is without merit. Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.