■ In the Matter of JOSEPH C. FIORE, Respondent, v CHERYL A. FIORE, Appellant. [823 NYS2d 902]—In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of the Family Court, Queens County (Heffernan, J.), dated December 7, 2005, which, after a hearing, determined that the wife committed acts which constituted the family offense of aggravated harassment in the second degree, granted the petition for an order of protection, and required the wife to enroll in and complete an alcohol treatment program.

Ordered that the order is affirmed, without costs or disbursements.

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (*see Matter of King v Flowers*, 13 AD3d 629 [2004]), and that determination is entitled to great weight on appeal (*see Matter of De La Cruz v Colon*, 16 AD3d 496 [2005])" (*Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562 [2005]). The Family Court properly credited the husband's testimony and determined by a fair preponderance of the evidence that the wife committed acts which constituted the family offense of aggravated harassment

in the second degree (*see* Family Ct Act § 812 [1]; § 832; Penal Law § 240.30 [1]).

Furthermore, the Family Court's requirement that the wife attend an alcohol treatment program was reasonable (Family Ct Act § 842; *Matter of Mitchell v Muhammed,* 275 AD2d 783 [2000]; *Matter of Leffingwell v Leffingwell,* 86 AD2d 929, 930 [1982]; *Matter of Jane Y. v Joseph Y.,* 123 Misc 2d 771, 773 [1984]). Adams, J.P., Ritter, Lunn and Covello, JJ., concur.