■ In the Matter of JENNIFER J. MARCHAND, Individually and on Behalf of HAILEY A. MARCHAND-NAZZARO et al., Respondent, v FRANK A. NAZZARO, Appellant. [865 NYS2d 388]—

Lahtinen, J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered March 20, 2007, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 8, for an order of protection.

Petitioner and respondent began cohabitating in the mid-1990s and are the parents of two daughters (born in 1997 and 1999). The relationship deteriorated leading to incidents of domestic violence and, in 2006, each party filed, among other proceedings, separate petitions alleging sundry family offenses by the other party. Family Court issued a temporary order of protection restraining respondent from contact with petitioner and the children, and he allegedly violated that order resulting in further proceedings against him. After several days of testimony on the various pending petitions, Family Court sustained the family offense petitions against both parties and the violation petition against respondent. Both parties underwent mental health evaluations. The dispositional order as to petitioner required her to obtain alcohol abuse treatment. At the dispositional hearing regarding respondent, the evidence included testimony from respondent and two experts (a psychologist and a psychiatrist) who had examined him. After the hearing, Family Court issued an order of disposition that incorporated the terms of a one-year order of protection precluding contact with the children and further directed that respondent could seek modification of visitation once he had either commenced mental health treatment or arranged for therapeutic visitation. Respondent appeals.

Initially, we note that the order of protection that was

incorporated into the dispositional order expired by its own terms in March 2008. There is no indication that it was extended. Accordingly, respondent's challenge to the terms of the order of protection is now moot (*see Matter of Schreiber v Schreiber*, 2 AD3d 1094, 1095 [2003]; *Matter of Dean v Dean*, 208 AD2d 1030, 1031 [1994]).

Respondent further argues that Family Court erred by making an application for modification of visitation contingent upon him seeking mental health treatment. "It is well settled that although a court may direct a party . . . to seek counseling as a component of the court's custody or visitation order, Family Court does not have the authority to order that a party undergo counseling or therapy before visitation will be allowed" (*Matter of Dennison v Short*, 229 AD2d 676, 677 [1996] [internal quotation marks and citations omitted]; *see Matter of Remillard v Luck*, 2 AD3d 1179, 1180 [2003]; *Matter of Thaxton v Morro*, 222 AD2d 955, 958 [1995]). Here, however, access to the children was not premised solely upon commencing treatment since Family Court also set forth the option of therapeutic visitation. Moreover, after reviewing the evidence in the record and according deference to Family Court's credibility determinations as it had the advantage of viewing the witnesses, we are unpersuaded that Family Court abused its discretion (*see Matter of Roe v Roe*, 33 AD3d 1152, 1155 [2006]). The acts of domestic violence together with the detailed reports and the testimony of the two mental health experts provided a sound and substantial basis to support Family Court's order (*see Matter of Sanders v Slater*, 53 AD3d 716, 717-718 [2008]; *Matter of Taylor v Fry*, 47 AD3d 1130, 1131 [2008]; *Matter of Maliha v Maliha*, 13 AD3d 1032, 1033 [2004]).

Spain, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.