■ In the Matter of JUDITH SCHWARTZ, Respondent, v ROY SICULAR, Appellant. [898 NYS2d 886]—

In a family offense proceeding pursuant to Family Court Act article 8, Roy Sicular appeals from an order of fact-finding and disposition of the Family Court, Kings County (Turbow, J.), dated February 6, 2009, which, after a hearing, found that he had committed the family offense of aggravated harassment in

the second degree and directed him, inter alia, to stay away from the petitioner and refrain from communicating with her for a period of two years.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The record supports the Family Court's determination that the petitioner established, by a preponderance of the evidence, that the appellant committed the family offense of aggravated harassment in the second degree, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; Penal Law § 240.30 [1]; *Matter of Larson v Gilliam*, 49 AD3d 650 [2008]; *Matter of Fiore v Fiore*, 34 AD3d 803 [2006]; *see also People v Wilson*, 59 AD3d 153, 154 [2009]). Contrary to the appellant's contention, Penal Law § 240.30 (1) is not unconstitutional as applied to him, because the finding that he committed a family offense by violating this statutory provision "arose from his harassing conduct, not from any expression entitled to constitutional protection" (*People v Shack*, 86 NY2d 529, 536 [1995]). Mastro, J.P., Eng, Belen and Austin, JJ., concur.