In the Matter of TINA MINUS, Respondent, v TORI S. LANNAMAN, Appellant. [916 NYS2d 805]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of protection of the Family Court, Dutchess County (Sammarco, J.), dated February 23, 2010, which, after a hearing, and upon a finding that he committed the offense of aggravated harassment in the second degree, inter alia, suspended visitation until his completion of 10 sessions of a domestic abuse counseling program, and (2) an order of fact-finding and disposition dated March 2, 2010, which found that he had committed the family offense of aggravated harassment in the second degree and suspended visitation upon the terms set forth in the order of protection.

Ordered that the order of protection is affirmed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The finding that the father committed acts which constitute a cognizable family offense of aggravated harassment in the

second degree was supported by a fair preponderance of the credible evidence in the record (*see People v Shack*, 86 NY2d 529, 541 [1995]; *Matter of Melissa K. v Brian K.*, 72 AD3d 1129, 1133 [2010]; *Matter of Schwartz v Sicular*, 72 AD3d 1101 [2010]; *Matter of Boua TT. v Quamy UU.*, 66 AD3d 1165, 1166 [2009]; *Matter of Larson v Gilliam*, 49 AD3d 650 [2008]; *Matter of Fiore v Fiore*, 34 AD3d 803 [2006]; *People v Coyle*, 186 Misc 2d 772 [2000]). The Family Court providently exercised its discretion in crediting the mother's testimony (*see Matter of Rivera v Quinones-Rivera*, 15 AD3d 583 [2005]; *Matter of King v Flowers*, 13 AD3d 629 [2004]; *Matter of Marino v Marino*, 13 AD3d 537 [2004]). There is no merit to the father's contention that the Family Court failed to adequately state the facts it deemed essential to its determination (*see* CPLR 4213 [b]).

Under the circumstances, the Family Court properly suspended the father's visitation with the parties' children pending his completion of 10 sessions of a domestic abuse awareness program (*see Zafran v Zafran*, 28 AD3d 753 [2006]; *Matter of Irwin v Schmidt*, 236 AD2d 401 [1997]; *Landau v Landau*, 214 AD2d 541 [1995]; *Matter of Hughes v Wiegman*, 150 AD2d 449 [1989]; *cf. Matter of Grassi v Grassi*, 28 AD3d 482 [2006]; *Matter of Williams v O'Toole*, 4 AD3d 371, 372 [2004]; *Pudalov v Pudalov*, 308 AD2d 524 [2003]). Covello, J.P., Chambers, Lott and Cohen, JJ., concur.