In the Matter of JASON M. SAGGESE, Appellant, v KRYSTEL L. STEINMETZ, Respondent. [921 NYS2d 360]—

Egan Jr., J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered March 17, 2010, which, in a proceeding pursuant to Family Ct Act article 6, among other things, directed petitioner to undergo substance abuse treatment.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2004). The mother also has another child, but paternity has not been established with respect to that child. In 2006, the parties consented to an order which, among other things, granted them joint legal and physical custody of the child. In April 2009, based on allegations that there was a drug overdose in the residence where the mother resided, the father commenced this modification proceeding seeking sole custody of the child. In response, the mother filed a family offense petition and criminal complaint against the father alleging, among other things, that the father struck her on the mouth during an argument. Family Court thereafter issued a temporary order of protection. The father was subsequently arrested for assault, at which time he was found to be in possession of marihuana. The assault charge was later adjourned in contemplation of dismissal and the father paid a fine for the marihuana violation.

Thereafter, between April and July 2009, numerous court applications were filed by both parties, including a violation petition filed by the father, alleging that the mother absconded with the children to Arizona and failed to abide by an agreed-upon visitation schedule,* and applications made by the mother seeking to withdraw the family offense proceeding and to modify the order of protection. In August 2009, Family Court issued a temporary order of custody providing, among other things, that the parties share joint legal custody of the children, that the children reside with the paternal grandfather and, based on the father's marihuana conviction, that he submit to a chemical dependency evaluation. The resulting evaluation, based in part on a positive drug screen, diagnosed the father with cannabis abuse and recommended treatment. After a fact-finding hearing, Family Court dismissed the father's violation petition and both of the mother's petitions, and awarded the parties joint legal custody of the children. Family Court further ordered, among other things, that the father successfully complete chemical dependency treatment. The father now appeals.

Initially, we are unpersuaded that Family Court committed reversible error by denying the father the right to present an opening statement. While a party to a civil proceeding has the right to make an opening statement (see CPLR 4016 [a]; De Vito v Katsch, 157 AD2d 413, 415 [1990]), we find that Family Court's error in this regard does not require reversal since the court was fully familiar with the facts of the case, the parties and their respective arguments through the numerous court appearances during the year prior to trial (see Lohmiller v Lohmiller, 140 AD2d 497, 497 [1988]).

We are likewise unpersuaded that Family Court erred in ordering the father to attend substance abuse treatment. So long as a party's right to access to his or her child is not conditioned on participation in, or completion of, counseling, Family Court may, as part of its visitation or custody order, direct a party to obtain substance abuse treatment (see Matter of Remillard v Luck, 2 AD3d 1179, 1180 [2003]) or counseling (see Posporelis v Posporelis, 41 AD3d 986, 991 [2007]) if such treatment or counseling will serve the children's best interests (see Gadomski v Gadomski, 256 AD2d 675, 677 [1998]; Matter of Mongiardo v Mongiardo, 232 AD2d 741, 744 [1996]). In this regard, evidence of a party's continuous use of an illegal drug is certainly relevant to a determination of whether substance abuse treatment for the parent is in the children's best interests

---

* At some point in time, the mother returned to New York and the parties reconciled.

(*see generally Jordan v Jordan*, 8 AD3d 444, 445 [2004]; *Matter of Mongiardo v Mongiardo*, 232 AD2d at 744). Here, the father had already been convicted of the violation of unlawful possession of marihuana and, at the fact-finding hearing, he admitted to smoking marihuana "no more than once or twice per week" and during the pendency of his custody proceeding. While Family Court found the father to be a good parent, it did not find his testimony—that he did not purchase the drug, keep it in his home or use it in the presence of the children—to be credible. Family Court was also unpersuaded that the father's routine use of marihuana—which the record reflects could affect a person's judgment, memory and problem-solving ability—posed no risk to the children. Finally, to the extent that the father argues that treatment will create a financial burden, the record reflects that costs are based on ability to pay and the father was eligible to apply for Medicaid benefits, which would completely cover the costs of treatment. In deferring to Family Court's ability to assess the witnesses' credibility, we find a sound and substantial basis in the record for its determination (*see Matter of Kelley v VanDee*, 61 AD3d 1281, 1283 [2009]; *Matter of Marchand v Nazzaro*, 55 AD3d 968, 969 [2008]).

Mercure, J.P., Rose and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.