■ ARLENE C. FARKAS, Respondent, v BRUCE R. FARKAS, Appellant, et al., Defendants. [607 NYS2d 945] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about February 23, 1993, which granted plaintiff a money judgment of $64,549 for support arrears, counsel fees of $5,000, and referred the issue of defendant's contempt to a Special Referee; and order of the same court and Justice entered on or about August 16, 1993, which confirmed the report of the Special Referee, found defendant to be in con-

tempt, directed that defendant purge himself of the contempt by payment to plaintiff of the sum of $64,549, a fine of $250, and plaintiff's counsel fees of $5,000, and directed that in the event defendant failed to so purge himself that plaintiff might apply without further notice for an order of commitment and warrant of arrest, unanimously affirmed, without costs.

The order is enforceable by contempt in this matrimonial action (Domestic Relations Law § 245) and contempt is also appropriate for willful non-compliance with a support order (Family Ct Act § 454 [3]; Judiciary Law § 753 [A] [8]). Nor is it necessary for plaintiff to exhaust all possible alternative collection remedies before contempt can be found where the history of the action shows that such remedies would be ineffectual (see, Bell v Bell, 181 AD2d 978, 979).

Defendant was properly found to be in willful disobedience of the court's support order (see, Matter of McCormick v Axelrod, 59 NY2d 574, 583). Further, the record shows that the Special Referee conducted a fair and proper hearing and did not exceed the authority granted. Concur—Rosenberger, J. P., Ross, Asch, Rubin and Williams, JJ.