■ In the Matter of KATHLEEN SWEET, Respondent, v RANDY PASSNO, Appellant. LOUISE M. HARDING, as Law Guardian, Appellant. [614 NYS2d 611] —Yesawich Jr., J. Appeal from an order of the Family Court of Warren County (Moynihan, J.), entered September 1, 1993, which, *inter alia,* partially granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, to modify petitioner's visitation with the parties' child.

Respondent was apparently previously awarded custody of the parties' daughter, Dina, who was 14 years old at the time

---

petitioner brought this proceeding seeking custody of Dina. After reviewing mental health evaluations of the parties and interviewing Dina in camera, Family Court refused to grant petitioner custody and, in response to a cross petition filed by respondent, modified the visitation provisions of the prior order to accord Dina the option of deciding when she would visit with her mother, provided Dina and respondent underwent counseling as suggested by the psychiatric social worker who had evaluated the parties. Dina's Law Guardian now appeals that portion of the order which conditions Dina's option of visiting with petitioner upon Dina's and respondent's participation in counseling.*

Although Family Court does not have the authority to order that a party undergo counseling or therapy before visitation will be allowed (see, Nacson v Nacson, 166 AD2d 510, 511; Matter of Paris v Paris, 95 AD2d 857, 858), it may include a directive to obtain treatment as a component of a custody or visitation order (see, Matter of Jones v Jones, 190 AD2d 1076). In this case, neither parent nor child has been compelled to obtain counseling as a prerequisite to visitation; to the contrary, Dina and respondent have been ordered to undergo counseling before Dina may reduce petitioner's right to visitation. Inasmuch as Family Court's action does not erect an obstacle to the exercise of visitation, it does not constitute an improper interference with either the parent's or the child's right to maintain a meaningful and nurturing relationship with the other. The court having fashioned an order which is in the child's best interest, its determination is to be upheld.

Mikoll, J. P., Mercure, Crew III and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.

* Respondent also filed a notice of appeal, but that appeal not having been perfected we deem it abandoned.