■ In the Matter of STEVEN M. DENNISON, Appellant, v VALERIE L. SHORT, Respondent. [645 NYS2d 170] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered February 7, 1995, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of visitation.

Petitioner and respondent have one child, Corey (born in 1991). By order entered March 18, 1992, Family Court awarded the parties joint legal custody of Corey, with physical custody to respondent and reasonable visitation to petitioner. Difficulties thereafter developed between the parties, and in May 1994 petitioner sought the establishment of a specific visitation schedule.* As questions were raised regarding the appropriateness of allowing petitioner to have continued visitation with the child, Family Court, by interim order entered July 13, 1994, directed that petitioner have supervised visitation with Corey on alternate Sundays from 10:00 A.M. to 6:00 P.M.

---

* This petition subsequently was dismissed due to petitioner's failure to appear.

Insofar as is relevant to this appeal, petitioner thereafter commenced a proceeding in November 1994 seeking, *inter alia*, unsupervised visitation with his child and, one month later, commenced a separate proceeding based upon respondent's alleged failure to permit his scheduled visitations with Corey. The matters were joined for trial in January 1995, at the conclusion of which Family Court dismissed both petitions. This appeal by petitioner followed.

There must be a reversal. It is well settled that although a court may direct a party and his or her child to seek counseling as a component of the court's custody or visitation order (*see, Matter of Jones v Jones*, 190 AD2d 1076), "Family Court does not have the authority to order that a party undergo counseling or therapy before visitation will be allowed" (*Matter of Sweet v Passno*, 206 AD2d 639, 640; *see, Nacson v Nacson*, 166 AD2d 510, 511; *Matter of Paris v Paris*, 95 AD2d 857, 858). Family Court did precisely that here by ordering that "no visitation [shall] be allowed between petitioner * * * and the child * * * until petitioner completes a course of counselling through a specified program to be approved by the Law Guardian". Moreover, it is apparent that Family Court's decision in this regard was premised, at least in part, upon its erroneous belief that the Law Guardian recommended that visitation between petitioner and Corey be terminated; in reality, the Law Guardian recommended supervised visitation based upon the circumstances then prevailing. Accordingly, petitioner is entitled to a new hearing on this issue. In light of this conclusion, we need not address the remaining arguments advanced by petitioner on appeal.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.