■ ELOISE GADOMSKI, Respondent, v JOSEPH GADOMSKI, Appellant. In the Matter of ELOISE GADOMSKI, Respondent, v JOSEPH GADOMSKI, Appellant. [681 NYS2d 374] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered July 10, 1997 in Albany County, which, *inter alia*, granted Eloise Gadomski's motion for temporary receivership, (2) from an order of the Family Court of Albany County (Duggan, J.), entered August 19, 1997, which, *inter alia*, ordered Joseph Gadomski to participate in counseling as a prerequisite to resumed visitation, and (3) from an order of the Supreme Court (Bradley, J.), entered October 22, 1997 in Albany County, which, *inter alia*, found Joseph Gadomski in contempt of court.

The parties, parents of four daughters (two of whom are now emancipated), were divorced on June 5, 1996. As noted in an earlier decision (*see*, *Gadomski v Gadomski*, 245 AD2d 579), Eloise Gadomski (hereinafter plaintiff), who had been awarded primary physical custody of the minor children pending final resolution of that issue by Family Court, received a substantial distributive award representing her share of the parties' real estate holdings and other assets, as well as weekly maintenance and child support. When her efforts to collect these sums from Joseph Gadomski (hereinafter defendant) proved unproductive, she successfully moved for the appointment of a temporary receiver to take possession of defendant's assets (including a mobile home park, a commercial building and bank accounts), collect rents, and disburse the necessary amounts. Defendant did not appeal from that order. Several months later, the receiver—who had uncovered evidence of defendant's deception and mismanagement of the properties—expressed his intention to withdraw from that position, as the task had proven more onerous than he had originally anticipated. When no formal application to terminate his appointment was forthcoming, plaintiff moved for an order substituting herself as temporary receiver; this motion was granted over defendant's opposition, prompting the first of these three consolidated appeals.

Shortly thereafter, Family Court resolved the pending custody and visitation issues by awarding plaintiff sole custody of the two unemancipated children, directing that the parties and their daughters engage in counseling with the goal of "reunification of the [c]hildren and [defendant]", and providing that defendant was to have no visitation until such time "as the counselor finds in his or her professional judgment to be in the best interests of the [c]hildren". Defendant appeals from this order as well.

The third appeal stems from an October 1997 order holding defendant in contempt of court for failing to satisfy his obligations to maintain health insurance covering plaintiff and the children, and to pay a portion of one of the older daughters' college expenses. Defendant, in his *pro se* opposition to plaintiff's request for this relief, claimed an inability to pay due to, *inter alia*, his ill health and the fact that his assets had been sequestered. Although the receiver informed plaintiff's attorney, after the motion was filed, that he was willing to pay these debts upon being furnished the bills therefor, such bills were apparently never tendered; rather, plaintiff continued to seek a contempt order. Supreme Court granted her motion,

without a hearing, and entered judgment against defendant for $7,000 for the college costs. In addition, he was ordered to post a bond of $20,000 for four years of health insurance and to pay plaintiff's legal fees in the contempt action, amounting to $1,250.

The majority of defendant's arguments challenging Supreme Court's appointment of plaintiff as temporary receiver are directed at the propriety of appointing a receiver at all; in this regard, it suffices to note that defendant did not appeal the initial order finding a receiver necessary, and the additional evidence presented in conjunction with plaintiff's motion to take over that task—particularly, the averments of the initial appointee—only provide further support for the conclusion that this remedy continues to be appropriate. And, given the nature of the assets and plaintiff's interest therein, the appointment of plaintiff, rather than a disinterested third party, to carry out those duties was not an injudicious exercise of discretion (*see, Rogers v Rogers*, 190 AD2d 720, 721; *cf., Dowdle v Dowdle*, 114 AD2d 699, 701; *Catrone v Catrone*, 92 AD2d 559; *compare, Matter of Brennan v Brennan*, 109 AD2d 960, 961).

Insofar as Family Court's determination is concerned, we reject at the outset defendant's contention that the court erred in refusing his request for recusal (*see, People v Moreno*, 70 NY2d 403, 405-406). His arguments respecting the court's decision on the merits are, however, more persuasive. It is now well settled that a party's right to visit with his or her children cannot be conditioned on participation in, or completion of, counseling (*see, Matter of Dennison v Short*, 229 AD2d 676, 677; *Nacson v Nacson*, 166 AD2d 510, 511), nor can a court delegate (as was done here) to a mental health professional its authority to resolve these issues in the best interests of the children. A parent can, however, be directed to obtain counseling or therapy, as one of the aspects of a custody or visitation order, if such intervention will best serve the children's interests (*see, Matter of Sweet v Passno*, 206 AD2d 639, 640).

Accordingly, and in keeping with Family Court's express finding—which is amply supported in the record—that the children's well-being would be compromised by any type of visitation with defendant at this time, its order must be modified to provide that defendant is not to have visitation with his daughters (subject, as always, to modification upon the requisite showing of changed circumstances, which could include progress in family counseling). The independent directive that the parties and their minor children participate in counseling, with the purpose of achieving reunification, which

also serves the daughters' best interest, need not, and shall not, be altered.

The contempt order must be reversed. A party cannot be held in contempt for failure to comply with support obligations in the absence of a showing that other, less drastic means of enforcement have been, or would be, ineffectual (*see,* Domestic Relations Law § 245; *Snow v Snow,* 209 AD2d 399, 401; *cf., Farkas v Farkas,* 201 AD2d 440, 441). Here, given the receiver's express representation that he had received defendant's consent to pay the bills in question and would pay them if they were presented to him, plaintiff has failed to demonstrate that she cannot obtain relief in that manner. Consequently, her contempt application should have been denied (*see, Keff v Keff,* 95 AD2d 888, 889).

Mikoll, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order entered July 10, 1997 is affirmed, without costs. Ordered that the order entered August 19, 1997 is modified, on the law and the facts, without costs, to the extent that the fourth decretal paragraph is deleted, and replaced with the following: "Ordered that the father shall not have visitation with the children at this time; and it is further", and, as so modified, affirmed. Ordered that the order entered October 22, 1997 is reversed, on the law, without costs, and plaintiff's motion for an order holding defendant in contempt of court is denied.