■ THOMAS BOYDE, Appellant, v COUNTY OF MONROE et al., Respondents. [689 NYS2d 879] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Fisher, J. (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Summary Judgment.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.

■ ALAN F. SHUCHTER, Respondent, v LOUISE A. SHUCHTER, Appellant. (Appeal No. 1.) [688 NYS2d 326] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly granted custody of the parties' daughter to plaintiff. The overwhelming weight of the expert testimony adduced at the hearing supports the court's conclusions that the child was in danger of psychological harm and would never be allowed to develop a relationship with plaintiff if defendant retained custody. Contrary to defendant's contention, the court took into consideration acts of physical abuse of defendant by plaintiff during the marriage, but concluded, in accordance with expert testimony, that defendant had greatly exaggerated the number and severity of the acts, that the acts were isolated, that plaintiff was not a dangerous person, and that plaintiff was willing to engage in counseling to understand and overcome his past conduct.

The court, however, improperly conditioned visitation between defendant and the child upon defendant's receiving therapy, and improperly placed the decision to terminate visitation between defendant and her daughter in the hands of "treating psychologists" (see, Gadomski v Gadomski, 256 AD2d 675; Matter of Dennison v Short, 229 AD2d 676, 677; Matter of Sweet v Passno, 206 AD2d 639, 640). We therefore modify the order by vacating the visitation provisions, and we remit the matter to Supreme Court to determine whether visitation between defendant and the child should be terminated at this time subject, as always, to modification in the event of a change of circumstances (see, Gadomski v Gadomski, supra), or to set a visitation schedule, which may include as a component the directive that defendant receive therapy (cf., Matter of Mongiardo v Mongiardo, 232 AD2d 741, 743). We have reviewed defendant's remaining contentions, on this appeal (appeal No. 1) and on the appeal from the order denying defendant's motion to replace the Law Guardian (appeal No. 2), and conclude that they lack merit. (Appeal from Order of Supreme Court, Erie County, Michalek, J.—Custody.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.