■ In the Matter of DANIELLE R. CACCAVALE, Appellant, v NEAL BROWN, Respondent. [705 NYS2d 139] —Peters, J. Appeal from an order of the Family Court of Chemung County (Buckley, J.), entered January 27, 1999, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

Petitioner and respondent have one child, born in 1995, two years after they met. At the time of the child's birth, the parties lived in North Carolina where respondent, who was in the Marine Corps, was stationed. They ultimately returned to Chemung County where they remained together until September 1997 when they separately petitioned Family Court for custody of the child. In October 1997, Family Court granted the parties temporary joint legal custody with physical custody to petitioner and extensive visitation to respondent. In February 1998, the court ordered a temporary transfer of physical custody to respondent. Joint custody was then renewed in July 1998, with respondent having custody from Tuesday at 5:00 P.M. until Thursday at 8:00 P.M. and on Sunday from 4:00 P.M. until 8:00 P.M. Petitioner was awarded custody from Thursday at 8:00 P.M. until Tuesday at 5:00 P.M., with the exception of Sunday from 4:00 P.M. to 8:00 P.M. At the time of trial, respondent resided at the home of his parents and exercised weekly

visitation with a son from a prior relationship,* while petitioner was cohabiting with John Packard.

After a fact-finding hearing where both parties were represented by counsel and a Law Guardian was present on behalf of the child, Family Court awarded, *inter alia*, legal and physical custody to respondent with visitation to petitioner conditioned upon her continuation of mental health treatment and "taking all appropriate medication to maintain her stable mental health". Petitioner appeals.

In every custody matter, the court's primary concern must be centered on what would be in the best interest of the child (*see, Eschbach v Eschbach,* 56 NY2d 167, 171). To properly make such a determination, an assessment must be made of the totality of circumstances, weighing all relevant factors (*see, Matter of De Losh v De Losh,* 235 AD2d 851, 852, *lv denied* 89 NY2d 813). Since the trial court is presented with the unique opportunity to observe the demeanor of the witnesses testifying before it and to assess their credibility (*see, Eschbach v Eschbach, supra,* at 173; *Matter of Slattery v Slattery,* 251 AD2d 805, 806), deference will be accorded to its findings unless they lack a sound and substantial basis in the record (*see, Matter of De Losh v De Losh, supra,* at 853). Our review of the record reveals that the determination rendered by Family Court is fully supported.

During the period that these parties lived together in Chemung County, petitioner was arrested for forging checks and was unable to secure a driver's license in New York since her New Jersey driver's license had been revoked due to speeding tickets, a reckless driving charge and numerous unpaid parking tickets. Although there was much testimony that petitioner and the child enjoyed a good relationship, evidence indicated a failure in judgment, at times, when petitioner requested that her live-in paramour wake up the child late at night so that she could secure a ride home, took the child to the doctor and emergency room without telling respondent until 24 to 48 hours later, and placed the child in counseling without ever advising respondent.

Record evidence also established that petitioner has a long history of mental health involvement. Testimony was received from her treating psychiatrist, Rio Manzano, who prescribed various psychotrophic medication as a result of her diagnosis of manic depression or bipolar disorder. Petitioner was hospitalized for this condition as early as age 14. Although

---

* Such child currently resides with his maternal grandmother.

Manzano and others testified that petitioner was currently stable, testimony clearly revealed that such stability could only be maintained by a consistent commitment to her prescribed drug regime which may alter depending on numerous factors including outside stressors.

Her prior commitment to a drug regime appeared, in our view, questionable since testimony revealed that she had sporadic employment and experienced extreme mood swings which led her to escalate simple situations into acts of aggression resulting in verbal and physical abuse precipitating over-involvement by police authorities. Notably, petitioner has refused to share her mental health history with her current treatment team. Petitioner has also made serious charges not only against respondent, which resulted in him being arrested on several occasions, but also against respondent's son and father which required the intervention of the Department of Social Services. All of these allegations, including the charges stemming from respondent's arrest, were unfounded.

Respondent denied culpability in their obviously volatile relationship; much testimony centered upon his need for control. It appears clear that regardless of petitioner's short trigger, respondent took to verbally demeaning her in the presence of others, including the child. However, when it came to caring for the child, respondent maintained consistent employment and, while residing with his parents, geared his schedule and lifestyle towards placing the child's needs well above his own. Notwithstanding the consistent presence of the paternal grandparents, respondent assumed full care of the child's needs, including the scheduling of his work hours so that he was present to put him to bed at night and be there for him when he got up in the morning.

Hence, upon the totality of the circumstances presented, coupled with extensive evidence that respondent's parents helped to provide a stable environment for the child, we find a sound and substantial basis in this record to support Family Court's determination. We further find no error in conditioning petitioner's visitation on her commitment to mental health treatment and a continuation of her medical regime since it was a component of the court's visitation order and not a prerequisite thereto (*see, Matter of Dennison v Short*, 229 AD2d 676, 677; *Matter of Sweet v Passno*, 206 AD2d 639, 640).

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.