■ In the Matter of MARK L. OSMUNDSON, Appellant, v HELEN HELD-CUMMINGS, Respondent. [761 NYS2d 923] —Appeal from an order of Family Court, Oneida County (Flemma, J.H.O.), entered July 23, 2002, which dismissed the petition seeking modification of a visitation order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Oneida County, for further proceedings on the petition in accordance with the following memorandum: Petitioner filed a pro se petition seeking modification of a visitation order based on an alleged "change of circumstances." On the return date of the petition, the parties and a law guardian assigned by Family Court appeared before a Judicial Hearing Officer (JHO). Proceedings concerning the parties' children have been on-going, and we have decided numerous appeals related to these parties. Nevertheless, where, as here, the pro se petition seeks custody of the children and concerns visitation matters, petitioner was entitled to be advised "that he has the right to be represented by counsel of his own choosing, of his right to have an adjournment to confer with counsel, and of his right to have counsel assigned by the court in any case where he is financially unable to obtain the same" (Family Ct Act § 262 [a] [v]; see Matter of Wilson v Bennett, 282 AD2d 933, 934-935 [2001]). The JHO failed to advise petitioner of those rights prior to proceeding on the petition. Furthermore, it is unclear from the record before us whether petitioner consented to proceeding before a JHO. Indeed, petitioner's signature on the consent form indicates that the signature was "under objection" and there does not appear to be any other recorded indication of consent to proceeding before the JHO. "It is well settled law that an order of reference to a [JHO] to hear and determine is permissible only with the consent of the parties" (Batista v Delbaum, Inc., 234 AD2d 45, 46 [1996]; see CPLR 4317 [a];

*McCormack v McCormack,* 174 AD2d 612, 613 [1991]). Based upon the foregoing, we conclude that the order must be reversed and the petition reinstated, and we remit the matter to Family Court, Oneida County, for further proceedings on the petition in accordance with our decision herein. Present—Hurlbutt, J.P., Scudder, Kehoe, Burns and Gorski, JJ.