# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1361**
**CAF 13-01515**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ZINETA AVDIC,
PETITIONER-APPELLANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

REFIK AVDIC, RESPONDENT-RESPONDENT-APPELLANT.
-------------------------------------------------
IN THE MATTER OF REFIC AVDIC,
PETITIONER-RESPONDENT-APPELLANT,

V

ZINETA AVDIC, RESPONDENT-APPELLANT-RESPONDENT.
-------------------------------------------------
SUSAN B. MARRIS, ESQ., ATTORNEY FOR THE CHILD,
APPELLANT-RESPONDENT.
(APPEAL NO. 1.)

---

SUSAN B. MARRIS, ATTORNEY FOR THE CHILD, MANLIUS, APPELLANT-RESPONDENT
PRO SE.

SAUNDERS KAHLER, L.L.P., UTICA (JAMES S. RIZZO OF COUNSEL), FOR
PETITIONER-APPELLANT-RESPONDENT AND RESPONDENT-APPELLANT-RESPONDENT.

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-RESPONDENT-APPELLANT
AND PETITIONER-RESPONDENT-APPELLANT.

---

Appeals and cross appeal from an amended order of the Family Court, Oneida County (Louis P. Gigliotti, A.J.), entered August 12, 2013 in proceedings pursuant to Family Court Act articles 4, 6 and 8. The amended order, among other things, adjudged that petitioner-respondent Zineta Avdic had willfully violated a court order and sentenced her to six weekends in jail and ordered the parties to enroll in therapeutic counseling.

It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by striking the provision conditioning the custody of the subject child with petitioner on the participation of petitioner "and/or" the child in therapeutic counseling and as modified the amended order is affirmed without costs, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: In appeal No. 1, petitioner-respondent mother and the Attorney for the Child (AFC) each appeal, and respondent-petitioner father cross-appeals, from an

amended order that, following a hearing on the father's cross petition to modify a prior order of custody and visitation, conditioned the continuation of the mother's joint custody of the child on, insofar as relevant to these appeals, the participation of the mother "and/or" the child in therapeutic counseling. In appeal No. 2, the mother and the AFC each appeal from an order that, following a hearing, modified the amended order in appeal No. 1 and awarded the father sole custody on the ground that the subject child failed and/or refused to attend therapeutic counseling.

We reject the contention of the father that the appeals of the mother and AFC from the amended order in appeal No. 1 were rendered moot by the subsequent order in appeal No. 2. The rights of the parties, and the best interests of their child, will be directly affected by the determination of appeal No. 1 and the interest of the parties and their child is an immediate consequence of that order (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714). Furthermore, as discussed herein, Family Court was without authority to issue the order in appeal No. 2, and thus it cannot be said that the order in appeal No. 2 rendered moot the order in appeal No. 1.

In appeal No. 1, as the father correctly concedes, the court erred in conditioning the mother's continued joint custody upon participation of the mother and/or the child in therapeutic counseling. Although a court may include a directive to obtain counseling as a *component* of a custody or visitation order, the court does not have the authority to order such counseling as a prerequisite to custody or visitation (*see Matter of Sweet v Passno*, 206 AD2d 639, 640). Here, the court erred in making the failure or refusal to participate in counseling the dispositive, triggering event in determining custody (*see Matter of Vieira v Huff*, 83 AD3d 1520, 1522; *Gadomski v Gadomski*, 256 AD2d 675, 677; *Matter of Dennison v Short*, 229 AD2d 676, 677). We therefore modify the amended order by striking the provision transferring sole custody to the father in the event that the mother and/or the child failed to attend and fully and meaningfully participate in the therapeutic counseling sessions ordered by the court.

With respect to appeal No. 1, we note that the court properly determined that there had been a sufficient change in circumstances to warrant a determination concerning the best interests of the child (*see Matter of Darla N. v Christine N.* [appeal No. 2], 289 AD2d 1012, 1012). Nevertheless, although the court's determination that the mother had engaged in parental alienation behavior raised a strong probability she is unfit to act as a custodial parent (*see Matter of Amanda B. v Anthony B.*, 13 AD3d 1126, 1127), the court failed to make any explicit findings concerning the relevant factors that must be considered in making a best interests determination so as to resolve the petition and cross petition (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173; *Fox v Fox*, 177 AD2d 209, 210). We therefore remit the matter to Family Court for a determination on the petition and cross petition, including specific findings, as to the best interests of the child, following an additional hearing if necessary. We note that, by failing to brief the issue, the mother has abandoned any contention in

appeal No. 1 concerning the modification of child support (*see Matter of Kirkpatrick v Kirkpatrick*, 117 AD3d 1575, 1575-1576; *Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  We further note that, contrary to the mother's contention, the court did not abuse its discretion in declining to admit the written report of the forensic examiner in the absence of the expert's appearance in order to testify, authenticate the report and be subject to cross-examination (*see* Family Ct Act § 624; *see generally Matter of Berrouet v Greaves*, 35 AD3d 460, 461).

With respect to appeal No. 2, we reject the father's contention that the order was entered on the mother's default and is therefore not appealable.  Although the mother did not appear at the hearing, the order does not recite that it was entered on default, no application was made for a default, and the mother's attorney appeared at the hearing (*cf. Matter of Bradley M.M. [Michael M.-Cindy M.]*, 98 AD3d 1257, 1257; *see generally Matter of Rosecrans v Rosecrans*, 292 AD2d 817, 817; *Matter of Williams v Lewis*, 269 AD2d 841, 841).  We thus conclude that this appeal is properly before us.  However, inasmuch as the order in appeal No. 2 was the direct result of a provision in the amended order in appeal No. 1 that the court had no authority to issue, we reverse the order in appeal No. 2 and dismiss the father's petition.

Entered:  February 13, 2015                      Frances E. Cafarell
                                                 Clerk of the Court