Matter of Lane v Rawleigh (2020 NY Slip Op 06926)





Matter of Lane v Rawleigh


2020 NY Slip Op 06926


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1085 CAF 19-00285

[*1]IN THE MATTER OF RANDY P. LANE, JR., PETITIONER-APPELLANT,
v
ROXANNE RAWLEIGH, RESPONDENT-RESPONDENT. 






CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR PETITIONER-APPELLANT.
JOAN MERRY, HORNELL, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Allegany County (Thomas P. Brown, J.), entered December 17, 2018 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated and the matter is remitted to Family Court, Allegany County, for further proceedings in accordance with the following memorandum: Petitioner father commenced this proceeding pursuant to Family Court Act article 6 seeking to modify a prior order of custody and visitation entered January 26, 2012 (2012 order). The father appeals from an order granting respondent's motion insofar as it sought to dismiss the petition on the ground that the father had not complied with the provision (mental health treatment provision) of an April 2010 order of custody and visitation (2010 order) requiring him to successfully complete mental health treatment before petitioning for modification of the custody or visitation arrangements set forth in the 2010 order. We reverse.
As an initial matter, we note that the mental health treatment provision of the 2010 order is no longer in effect inasmuch as the 2010 order was superseded by the 2012 order (see generally Matter of Tristyn R. [Jacqueline Z.] [appeal No. 2], 144 AD3d 1611, 1612 [4th Dept 2016]; Matter of Kirkpatrick v Kirkpatrick, 117 AD3d 1575, 1576 [4th Dept 2014]), which granted custody to respondent and awarded the father monthly visitation but did not include a mental health treatment provision with respect to the father. In any event, "[a]lthough a court may include a directive to obtain counseling as a component of a custody or visitation order, the court does not have the authority to order such counseling as a prerequisite to custody or visitation" (Matter of Ordona v Cothern, 126 AD3d 1544, 1546 [4th Dept 2015]; see Matter of Avdic v Avdic, 125 AD3d 1534, 1535 [4th Dept 2015]). Family Court therefore "lacked the authority to condition any future application for modification of [the father's] visitation on [his] participation in mental health counseling" (Matter of Vieira v Huff, 83 AD3d 1520, 1522 [4th Dept 2011]). Thus, we conclude that the court erred in granting the motion based on the father's alleged failure to comply with the mental health treatment provision set forth in the 2010 order.
We further conclude that the father made a sufficient evidentiary showing of a change in circumstances to require a hearing with respect to the allegations in the petition (see Matter of Isler v Johnson, 118 AD3d 1504, 1505 [4th Dept 2014]). We therefore reverse the order, deny the motion, reinstate the petition, and remit the matter to Family Court for further proceedings on the petition.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court