Matter of Sturnick v Hobbs (2021 NY Slip Op 00750)





Matter of Sturnick v Hobbs


2021 NY Slip Op 00750


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


1086 CAF 19-00841

[*1]IN THE MATTER OF KELLY A. STURNICK, PETITIONER-RESPONDENT,
v
TERRANCE L. HOBBS, RESPONDENT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
SARAH L. FIFIELD, FAIRPORT, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered March 27, 2019 in a proceeding pursuant to Family Court Act article 6. The order granted petitioner sole custody of the subject child and granted petitioner leave to relocate with the subject child to North Carolina. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the determination that petitioner "should return to this community at least 3 times per year for a week each time," and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Respondent father appeals from an order that, inter alia, granted petitioner mother's petition seeking sole custody and primary physical residence of the subject child and her second petition seeking permission for the child to relocate with her to North Carolina.
The father waived his challenge to the authority of the Court Attorney Referee to hear and determine the petitions before him (see Matter of Wolf v Assessors of Town of Hanover, 308 NY 416, 418-420 [1955]; see also Matter of Cushman v Cushman, 151 AD2d 1021, 1021 [4th Dept 1989]). "[W]here a referee [is] . . . appointed without demur and evidence [is] introduced without objection that the referee lacked authority to try the issue, [t]he respondent cannot put in his evidence and take his chance that he will win and, upon his failure, claim that the reference was illegal" (Wolf, 308 NY at 420 [internal quotation marks omitted]). Here, inasmuch as neither the father nor his attorney voiced any objection to having the Referee hear and determine the petitions and each signed the written stipulation indicating their agreement to permit the Referee to hear and determine the petitions, the father's challenge is waived (see id.). We reject the father's further contention that his consent to the Referee's determination is invalid on the ground that he signed the stipulation before being advised of his right to counsel (see Matter of Phelps v Hunter, 101 AD3d 1689, 1689-1690 [4th Dept 2012], lv denied 20 NY3d 862 [2013]; cf. Matter of Gale v Gale, 87 AD3d 1011, 1012 [2d Dept 2011]; Matter of Osmundson v Held-Cummings, 306 AD2d 950, 950-951 [4th Dept 2003]).
The father also contends that the provisions concerning his supervised visitation are inadequate. Those provisions are expressly set forth in the decision but not the order. Where there is a discrepancy between the order and the decision, the decision controls, and we therefore deem the visitation provisions included in the order (see Matter of Lomanto v Schneider, 78 AD3d 1536, 1536 [4th Dept 2010]; Matter of Edward V., 204 AD2d 1060, 1061 [4th Dept 1994]). We agree with the father, however, that the supervised visitation provisions are inadequate. The Referee determined that the mother "should return to this community at least 3 times per year for a week each time. Those trips could be Fall, Spring and Summer of each year. That would allow [the] Father contact roughly every 4 months." The Referee failed to address details such as whether visitation with the father was for the entire week or, if not, the number [*2]and duration of visits during each week; who would constitute an appropriate supervisor for the visitation; whether the father could have overnight visitation with the child in the presence of a supervisor; and how much notice the mother would be required to give the father before she returned to the community. We therefore modify the order, as conformed to the decision, by vacating the determination that the mother "should return to this community at least 3 times per year for a week each time," and we remit the matter to Family Court to fashion an appropriate schedule for supervised visitation in accordance with the best interests of the child (see Matter of Edmonds v Lewis, 175 AD3d 1040, 1043 [4th Dept 2019], lv denied 34 NY3d 909 [2020]; Matter of Lakeya P. v Ajja M., 169 AD3d 1409, 1411 [4th Dept 2019], lv denied 33 NY3d 906 [2019]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court