Matter of Ianello v Colonomos (2023 NY Slip Op 00767)

Matter of Ianello v Colonomos

2023 NY Slip Op 00767

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

121 CAF 21-00990

[*1]IN THE MATTER OF DENISE IANELLO, PETITIONER-RESPONDENT,
v
JUSTIN COLONOMOS, RESPONDENT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
DAVID J. PAJAK, ALDEN, FOR PETITIONER-RESPONDENT. 
BRIAN P. DEGNAN, BATAVIA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Genesee County (Thomas D. Williams, J.), entered July 6, 2021 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded the parties joint legal custody with petitioner having primary physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Genesee County, for further proceedings in accordance with the following memorandum: On appeal from an order that, inter alia, awarded the parties joint legal custody of the subject child with primary physical custody to petitioner mother, respondent father contends that Family Court's determination does not have a sound and substantial basis in the record. The court, in the order on appeal, however, failed to make any factual findings whatsoever to support the award of primary physical custody. It is "well established that the court is obligated 'to set forth those facts essential to its decision' " (Matter of Rocco v Rocco, 78 AD3d 1670, 1671 [4th Dept 2010] [emphasis added]; see CPLR 4213 [b]; Family Ct Act § 165 [a]; Matter of Brown v Orr, 166 AD3d 1583, 1583 [4th Dept 2018]). Here, the court completely failed to follow that well-established rule when it failed to issue any factual findings to support its initial custody determination (see Brown, 166 AD3d at 1583-1584), nor did it make any findings with respect to the relevant factors that it considered in making a best interests of the child determination (see Matter of Avdic v Avdic, 125 AD3d 1534, 1536 [4th Dept 2015]; see generally Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]; Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]). "Effective appellate review, whatever the case but especially in child visitation, custody or neglect proceedings, requires that appropriate factual findings be made by the trial court—the court best able to measure the credibility of the witnesses" (Matter of Jose L. I., 46 NY2d 1024, 1026 [1979]). We therefore reverse the order and remit the matter to Family Court to make a determination on the petition and cross petition, including specific findings as to the best interests of the child, following an additional hearing if necessary (see Brown, 166 AD3d at 1584; Avdic, 125 AD3d at 1536). Pending the court's determination upon remittal, the custody and visitation provisions in the order appealed from shall remain in effect.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court