Matter of Bonilla-Wright v Wright (2023 NY Slip Op 00756)

Matter of Bonilla-Wright v Wright

2023 NY Slip Op 00756

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

28 CAF 22-00138

[*1]IN THE MATTER OF ASHLEY BONILLA-WRIGHT, PETITIONER-RESPONDENT,
v
TERRANCE WRIGHT, JR., RESPONDENT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR RESPONDENT-APPELLANT. 
MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR PETITIONER-RESPONDENT.
JESSICA L. WRIGHT, ROCHESTER, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered December 10, 2021 in a proceeding pursuant to Family Court Act article 6. The order modified respondent's visitation with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first ordering paragraph to the extent that it conditions the resumption of unsupervised overnight weekend visitation on the participation of the father and the children in therapeutic counseling and by vacating the second ordering paragraph to the extent that it delegates authority to a supervising agency to determine the father's receipt of weekly supervised visitation, and as modified the order is affirmed and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that modified the parties' prior order of custody and visitation. The prior order, in relevant part, granted respondent mother sole custody and primary physical residence of the subject children, with the father having weekend overnight visitation. After an argument that escalated to a physical encounter during a visitation exchange, in which the father punched the mother, the mother filed the instant petition seeking to modify the prior order by terminating the father's overnight visitation. Following a hearing, Family Court rendered a bench decision determining that a change in circumstances had occurred but that, despite some indication in the record that the children may have preferred not to see the father, continuation of weekly contact with the father was in the children's best interests. The court decided to reduce the father's visitation by conditioning the resumption of unsupervised weekend overnight visitation on the participation of the father and the children in therapeutic counseling and, in the interim, providing one hour of supervised visitation per week at a particular supervised visitation agency.
Contrary to the father's contention, the court properly determined that the mother "establish[ed] the requisite change in circumstances warranting an inquiry into the best interests of the child" (Matter of Rice v Wightman, 167 AD3d 1529, 1530 [4th Dept 2018], lv denied 33 NY3d 903 [2019]). The incident of domestic violence in the children's presence (see Matter of Allen v Boswell, 149 AD3d 1528, 1529 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Pecore v Blodgett, 111 AD3d 1405, 1405-1406 [4th Dept 2013], lv denied 22 NY3d 864 [2014]) and the deterioration of the father's relationship with the children (see Rice, 167 AD3d at 1530) constituted the requisite change in circumstances.
Although we reject the father's contention that the court erred in directing that the interim visitation be supervised (see Matter of Edmonds v Lewis, 175 AD3d 1040, 1042 [4th Dept 2019], lv denied 34 NY3d 909 [2020]), we agree with the father that the court erred in failing to set an appropriate supervised visitation schedule by implicitly leaving it to the agency to determine [*2]whether the father would receive any such visitation (see Matter of Ordona v Cothern, 126 AD3d 1544, 1545-1546 [4th Dept 2015]; see also Rice, 167 AD3d at 1530-1531). We therefore modify the order accordingly.
The father further contends that the court erred in making participation in therapeutic counseling a prerequisite to the resumption of unsupervised overnight weekend visitation. We agree. Initially, although the first ordering paragraph of the order on appeal does not clearly condition the resumption of unsupervised overnight weekend visitation on participation in therapeutic counseling, the court expressly imposed that condition in its bench decision. Where, as here, "there is a discrepancy between the order and the decision, the decision controls," and we therefore deem the condition included in the order (see Matter of Sturnick v Hobbs, 191 AD3d 1375, 1376 [4th Dept 2021]). "Although a court may include a directive to obtain counseling as a component of a custody or visitation order, the court does not have the authority to order such counseling as a prerequisite to custody or visitation" (Matter of Avdic v Avdic, 125 AD3d 1534, 1535 [4th Dept 2015]; see Matter of Lane v Rawleigh, 188 AD3d 1772, 1773 [4th Dept 2020]; Matter of Krier v Krier, 178 AD3d 1372, 1374 [4th Dept 2019]). We therefore further modify the order accordingly, and we remit the matter to Family Court to fashion a specific and definitive schedule for visitation between the father and the children.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court