Matter of Miller v Boyden (2024 NY Slip Op 02648)

Matter of Miller v Boyden

2024 NY Slip Op 02648

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

375 CAF 23-01240

[*1]IN THE MATTER OF REBECCA H. MILLER, PETITIONER-RESPONDENT,
v
DANIEL BOYDEN, RESPONDENT-APPELLANT. (APPEAL NO. 2.) 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
KELLY M. FORST, ROCHESTER, ATTORNEY FOR THE CHILD. 

 Appeal from an amended order of the Family Court, Ontario County (Brian D. Dennis, J.), entered June 30, 2023, in a proceeding pursuant to Family Court Act article 6. The amended order, inter alia, suspended the visitation of respondent with the subject child. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Ontario County, for further proceedings in accordance with the following memorandum: Petitioner mother had sole legal custody and primary physical placement of the subject child and, pursuant to a prior order entered on the consent of the parties, respondent father had visitation at least once every three months. At all times relevant to this case, the father has been incarcerated, and therefore all in-person visitation with the child was to occur in prison. After entry of the prior order, the mother filed a modification petition seeking, inter alia, to suspend the father's in-person visitation with the child. Family Court held a hearing and subsequently granted the mother's petition in part and, inter alia, suspended the father's visitation with the child for the remainder of his time in prison. The father appeals.
Initially, the father contends that the amended order was not entered upon his default, and he is therefore not precluded from appealing from the amended order (see generally CPLR 5511; Matter of Hopkins v Gelia, 56 AD3d 1286, 1286 [4th Dept 2008]). We agree. Although the amended order includes the statement that it was entered on the father's default, the court's bench decision clearly specified that it was granting the mother's modification petition based on the evidence adduced during the hearing, during which the father was represented by counsel (see Hopkins, 56 AD3d at 1286; see generally Matter of Bailey v Bailey, 213 AD3d 1329, 1329 [4th Dept 2023], lv denied 39 NY3d 913 [2023]). Where, as here, "there is a discrepancy between the order and the decision, the decision controls," and we therefore conclude that the amended order was not entered on the father's default to the extent that it granted in part the mother's petition (Matter of Bonilla-Wright v Wright, 213 AD3d 1289, 1291 [4th Dept 2023] [internal quotation marks omitted]; see Matter of Sturnick v Hobbs, 191 AD3d 1375, 1376 [4th Dept 2021]).
The father further contends that the court failed to make any factual findings whatsoever to support the determination to suspend the father's visitation with the child, and that the matter should be remitted to allow the court to make such findings. We agree. It is "well established that the court is obligated 'to set forth those facts essential to its decision' " (Matter of Rocco v Rocco, 78 AD3d 1670, 1671 [4th Dept 2010]; see CPLR 4213 [b]; Family Ct Act § 165 [a]; Matter of Brown v Orr, 166 AD3d 1583, 1583 [4th Dept 2018]). Here, the court completely failed to follow that well-established rule when it failed to issue any factual findings to support its determination (see Brown, 166 AD3d at 1583-1584), either with respect to whether there had been a change in circumstances (see Matter of Berg v Stoufer-Quinn, 179 AD3d 1544, 1544-1545 [4th Dept 2020]), or the relevant factors that it considered in making a best interests of the child determination (see Matter of Avdic v Avdic, 125 AD3d 1534, 1536 [4th Dept 2015]; see [*2]generally Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]; Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]). "Effective appellate review, whatever the case but especially in child visitation, custody or neglect proceedings, requires that appropriate factual findings be made by the trial court—the court best able to measure the credibility of the witnesses" (Matter of Jose L. I., 46 NY2d 1024, 1026 [1979]). We therefore reverse the amended order and remit the matter to Family Court to make a determination on the petition including specific findings as to a change in circumstances and the best interests of the child, following an additional hearing if necessary (see Brown, 166 AD3d at 1584; Avdic, 125 AD3d at 1536). Pending the court's determination on remittal, the custody and visitation provisions in the temporary order dated October 12, 2021 shall remain in effect.
In light of our determination, we do not reach the father's remaining contentions.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court