Matter of Eddaoudi v Obtenu (2025 NY Slip Op 04430)

Matter of Eddaoudi v Obtenu

2025 NY Slip Op 04430

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

593 CAF 24-00694

[*1]IN THE MATTER OF NAOUAL EDDAOUDI, PETITIONER-RESPONDENT,
v
SHMU'EL OBTENU, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT. 
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Lourdes P. Rosario, R.), entered April 11, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner sole legal and physical custody of the subject child with leave to relocate to Massachusetts. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order granting petitioner mother's petition seeking permission to relocate with the subject child to Massachusetts and modification of the prior stipulated order of custody (stipulated order) by awarding her sole legal and physical custody of the child. We agree with the father that Family Court's determination is deficient and, as set forth on the record, does not have a sound and substantial basis in the record.
The parties were married in Morocco in 2018. The father is a naturalized citizen of the United States, and the mother had a green card due to her marriage to the father. Although he was born in Morocco, the child is a United States citizen through the father. The family moved to the United States in 2021, initially residing in Connecticut. The mother's family lives in Massachusetts, and the father worked at Logan International Airport. By the end of 2021, the father decided to move the family to Onondaga County. He continued to commute to work in Massachusetts until he left his job in 2023. The parties separated in 2022, but are not yet divorced. In March 2023, the parties stipulated to joint legal and shared physical custody of the child. Subsequently, the mother filed the present petition.
Generally, when one parent petitions to relocate out of state, "the interests of a custodial parent who wishes to move away are pitted against those of a noncustodial parent who has a powerful desire to maintain frequent and regular contact with the child" (Matter of Tropea v Tropea, 87 NY2d 727, 736 [1996]). Thus, factors to consider in assessing a parent's request to relocate include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and [the] child through suitable visitation arrangements" (id. at 740-741; see Mason v Mason, 218 AD3d 1226, 1227 [4th Dept 2023]; Matter of Holtz v Weaver, 94 AD3d 1557, 1557 [4th Dept 2012]).
Here, we conclude that the court failed "to consider and give appropriate weight to all of the factors that may be relevant to the determination" (Tropea, 87 NY2d at 740). Although the [*2]court properly considered facts supporting the conclusion that the child would be better off economically and emotionally in Massachusetts given, among other things, the mother's family support system there, it failed to consider or evaluate the father's reasons for opposing the relocation. Specifically, the court did not consider the mother's immigration status and the father's concerns that the mother might try to remove the child from the country (see generally Matter of Rory H. v Mary M., 13 AD3d 373, 374 [2d Dept 2004]). Indeed, the father testified that the mother still had connections to Morocco and had previously expressed a desire to move back there with the child. He also testified about an incident where the mother took the child's passport from the father without his consent and in violation of the stipulated order. In short, the court failed to consider whether the father had "a good faith basis for opposing a requested move," which "is a factor bearing on a relocation determination" (Mason, 218 AD3d at 1228; see Tropea, 87 NY2d at 740-471). Consequently, we conclude that, in ruling on the mother's petition with respect to relocation without considering the father's concerns, the court failed to consider the relocation request "with due consideration of all the relevant facts and circumstances," including the "central concern" of "the impact of the move on the relationship between the child and the [father]" (Tropea, 87 NY2d at 739; see Mason, 218 AD3d at 1228).
We further agree with the father that the court's determination awarding the mother sole custody of the child does not have a sound and substantial basis in the record. With respect to that determination, the court failed to make any factual findings to support the award of sole custody—both legal and physical—to the mother (see Matter of Ianello v Colonomos, 213 AD3d 1301, 1302 [4th Dept 2023]). Effectively, the court awarded the mother sole custody of the child on the basis of its determination on the petition insofar as it sought permission to relocate the child. However, it is "well established that the court is obligated 'to set forth those facts essential to its decision' " (Matter of Rocco v Rocco, 78 AD3d 1670, 1671 [4th Dept 2010]; see CPLR 4213 [b]; Family Ct Act § 165 [a]; Matter of Brown v Orr, 166 AD3d 1583, 1583 [4th Dept 2018]). Here, the court did not make any findings with respect to the relevant factors that it considered in making a determination regarding the best interests of the child (see Matter of Avdic v Avdic, 125 AD3d 1534, 1536 [4th Dept 2015]; see generally Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]; Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]). Crucially, as with its analysis on the issue of relocation, the court, in awarding the mother sole custody, did not consider the father's stated concerns about the mother's immigration status and whether she intended to remove the child from the country. "Effective appellate review, whatever the case but especially in child visitation, custody or neglect proceedings, requires that appropriate factual findings be made by the trial court—the court best able to measure the credibility of the witnesses" (Matter of Jose L. I., 46 NY2d 1024, 1026 [1979]). We therefore reverse the order and remit the matter to Family Court to make a determination on the petition, including specific findings as to the best interests of the child, following an additional hearing if necessary to consider the factors that the court previously failed to evaluate (see Brown, 166 AD3d at 1584; Avdic, 125 AD3d at 1536). Pending the court's determination upon remittal, the relocation, custody and visitation provisions in the order appealed from shall remain in effect (see Ianello, 213 AD3d at 1302).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court