| **Martinez v Otero** |
|:---:|
| 2026 NY Slip Op 30801(U) |
| March 6, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 452357/2023 |
| Judge: Brendan T. Lantry |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. BRENDAN T. LANTRY</u>            PART            46M

*Justice*

-------------------------------------------------------------------------------X

GEORGE MARTINEZ,

                            Plaintiff,

                   - v -

ROBERTO OTERO and JAMIE RUBIN

                     Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452357/2023 |
| MOTION DATE | 08/12/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51

were read on this motion to/for              <u>           CONTEMPT           </u>.

Plaintiff GEORGE MARTINEZ commenced this action against ROBERTO OTERO and JAMIE RUBIN, as Chairperson of the New York City Housing Authority, seeking a declaratory judgment that Defendant ROBERTO OTERO has violated Section 8-107 of the New York City Administrative Code in refusing to accept Plaintiff's Section 8 benefits.

On April 30, 2024, the Plaintiff moved for a default judgment against defendant ROBERTO OTERO pursuant to CPLR § 3215 (NYSCEF Document Numbers 7-26).

By Decision and Order dated October 11, 2024, the Honorable Richard G. Latin granted the motion, without opposition, and declared, inter alia, that ROBERTO OTERO's "refusal to accept Plaintiff's Section 8 benefits violates Section 8-107 of the New York City Administrative Code." Justice Latin further ordered an inquest to take place on December 11, 2024.

By Stipulation of Settlement dated April 7, 2025, which was So Ordered by the Honorable Richard G. Latin, the Plaintiff and Defendant ROBERTO OTERO agreed that the default judgment remained in effect, subject to paragraphs 9 and 10 of the Stipulation of Settlement.

452357/2023   MARTINEZ, GEORGE vs. OTERO, ROBERTO ET AL
Motion No.  002

Page 1 of 5

1 of 5

[* 1]

Paragraph 9 of the Stipulation of Settlement provides:

> In the event of default by either party, either party may move by notice of motion to restore this proceeding to the court's calendar for appropriate relief, including, but not limited to, an inquest to assess damages attributable to Defendant Otero, and/or contempt. Defendant Otero reserves his right to move to vacate the default judgment and to participate in an inquest for damages if granted by the Court. Plaintiff reserves his defenses thereto.

Paragraph 10 of the Stipulation of Settlement provides:

> Upon Defendant Otero's compliance with the acceptance of Plaintiff's Section 8 Voucher, as defined above in paragraph 2, above, this proceeding shall be discontinued, and the judgment vacated.

By Notice of Motion dated August 12, 2025 (NYSCEF Document Number 34), the Plaintiff seeks, inter alia, to hold the defendant ROBERTO OTERO in civil contempt. Plaintiff George Martinez's Memorandum of Law in Support of His Motion for Contempt and to Restore the Proceeding to the Calendar for an Inquest dated August 12, 2025 (NYSCEF Document Number 37) clarifies that the Plaintiff moves for civil contempt pursuant to CPLR § 5104 and Judiciary Law § 753(a)(1).[1] Specifically, the Plaintiff argues that Defendant ROBERTO OTERO has failed to comply with sections 4 and 7 of the Stipulation of Settlement. Pursuant to Section 4 of the Stipulation of Settlement, ROBERTO OTERO was to "submit the Rental Package for Unit 11 to NYCHA within 30 days" of the date of the Stipulation of Settlement. Section 7 required ROBERTO OTERO, within 10 business days of the execution of the Stipulation of Settlement, to discontinue with prejudice the summary proceeding pending against the Plaintiff in New York Civil Court, Bronx County, Housing Part, under Index Number LT-340948-23/BX.

---

[1] The Plaintiff's error in excluding from the Notice of Motion the specific provisions of the CPLR and Judiciary Law under which the Plaintiff seeks to hold ROBERTO OTERO in civil contempt is excusable error. *See Frankel v. Stavsky*, 838 N.Y.S.2d 90 (2nd Dept 2007) ("a court may grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party.").

**452357/2023   MARTINEZ, GEORGE vs. OTERO, ROBERTO ET AL**
**Motion No.  002**

Page 2 of 5

[* 2]

Despite several stipulations to adjourn the motion, the defendant did not file any opposition to the instant motion. (*See* NYSCEF Document Numbers 47, 48, 49, and 51).

To prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the alleged contemnor has violated a clear and unequivocal court order, known to the parties *See* Judiciary Law § 753 [A] [5]; NY City Civ. Ct. Act § 210;. *see also Matter of McCormick v. Axelrod*, 59 N.Y.2d 574, 583 *amended 69* N.Y.2d 652 [1983]; *Puro v. Puro*, 39 AD2d 873 [1st Dept 1972]. The actions of the alleged contemnor must have been calculated to, or actually defeated, impaired, impeded or prejudiced the rights or remedies of the other side. *See Matter of County of Orange v. Rodriguez,* 283 AD2d 494 [2d Dept 2001]. A party seeking contempt must show that there are no alternative effective remedies available *See Farkas v. Farkas*, 201 A.D.2d 440 [1st Dept 1994].

The Plaintiff has established that NYCHA has not received the "Rental Package" and that no stipulation of discontinuance has been filed in the housing court case. *See* Affirmation of Leigh R. Thomas, dated August 12, 2025, at ¶ 24 and 25. *See* NYSCEF Document Numbers 36 and 37.

Plaintiff has further established that Defendant ROBERTO OTERO had knowledge of the Stipulation of Settlement as ROBERTO OTERO signed the Stipulation of Settlement. *See* NYSCEF Document Numbers 33.

Additionally, the Plaintiff has established prejudice by Defendant ROBERTO OTERO's non-compliance. Indeed, the Plaintiff has established that if the "Rental Packet" is not submitted, the Plaintiff could lose his Section 8 voucher. *See* Affidavit of George Martinez dated March 12, 2024 (NYSCEF Document Number 35).

Lastly, the plaintiff has established that the relief sought by the Plaintiff, namely restoring this matter to the court calendar and entering an order for payment of a monetary fine for each day

452357/2023   MARTINEZ, GEORGE vs. OTERO, ROBERTO ET AL                    Page 3 of 5
Motion No. 002

3 of 5

that the Defendant ROBERTO ORTERO has been in noncompliance, is appropriate and authorized under law.

Accordingly, it is hereby

ORDERED that Plaintiff's motion for civil contempt pursuant to CPLR § 5104 and Judiciary Law § 753(a)(1) is granted, without opposition; and it is further

ORDERED that this matter shall be set down for an assessment of damages as against ROBERTO ORTERO; and it is further

ORDERED that GEORGE MARTINEZ may file a Notice of Issue/Notice of Inquest against ROBERTO ORTERO; and it is further

ORDERED that counsel for GEORGE MARTINEZ is directed to serve a copy of this Decision and Order with notice of entry within twenty days upon ROBERTO ORTERO and upon the Clerk of the General Clerk's Office, who is directed, upon the filing of a Note of Issue/Notice of Inquest and a certificate of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed, and it is further

ORDERED that Defendant ROBERTO ORTERO may purge this contempt by complying with sections 4 and 7 of the Stipulation of Settlement within 10 days of service of a copy of this Decision and Order with Notice of Entry, and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

452357/2023   MARTINEZ, GEORGE vs. OTERO, ROBERTO ET AL          Page 4 of 5
Motion No.  002

4 of 5

This constitutes the Decision and Order of the court.

_____
**3/6/2026**
**DATE**

BRENDAN T. LANTRY, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

452357/2023   MARTINEZ, GEORGE vs. OTERO, ROBERTO ET AL
Motion No.  002

Page 5 of 5

5 of 5

[* 5]